AMERICAN BUILDING LOAN AND INVESTMENT CO. *vs.* JOB
BOOTH *et al.*

In debt on a bond conditioned upon the faithful performance of duty as agent, and pay-
ment of all moneys received, etc., breaches were charged that the obligor had not
faithfully performed duty, and had not paid over all moneys received.

*Held*, that a plea of *non est damnificatus* was improper, such a plea applying only to an
indemnity bond.

The defendant also pleaded, in an equitable plea under the statute, breach of contract
on the part of the plaintiff, and refusals on the plaintiff's part to account.

*Held*, that a demurrer to this plea must be sustained. Affirmative relief cannot be
given under it. *Hawkins* v. *Baker*, 14 R. I. 139, 142. If an account is sought, the
account must be had on bill in equity, or in an action of account. If damages are
sought, they are unliquidated and not ascertainable by calculation, and therefore not
matters of set-off.

*Held*, further, that no defence was available under the equitable plea which was not
open to the defendant under a prior plea of performance.

DEBT. On demurrers to pleas.

*June* 11, 1892. PER CURIAM. We are of the opinion that the
demurrers to the first, second, and fourth pleas should be sustained.

The action is debt on a bond conditioned that the defendant,
Booth, shall faithfully discharge his duties as agent of the plaintiff,
and pay over to it all funds, etc., received by him as such agent.
The breaches assigned are, *first*, that Booth did not well and
truly discharge his duties as such agent; and, *second*, that he has
not paid over all funds, etc., received by him as such agent.

The first plea is, " that the said plaintiff hath not, at any time
since the making of said writing obligatory and condition thereof,
hitherto been in any wise damnified by reason of or means of any
matter, cause, or thing in said condition of said writing obligatory
mentioned." Such a plea, technically known as a plea of *non
damnificatus*, is applicable only to an indemnity bond, that is, a
bond conditioned to keep the plaintiff harmless and indemnified.
To an action on such a bond alone can it appropriately be pleaded.
1 Chitty on Pleading, *485; Stephen on Pleading, *360, *361.

The same remark may also be made with reference to the second
plea, that, " if the plaintiff has suffered any damage, it was by its

own wrong and default," which plea is still further objectionable in that it is hypothetical.    Stephen on Pleading, *387.

The fourth plea is filed as an equitable plea under the provision of Pub. Stat. R. I. cap. 204, § 33.    It sets forth, with particularity, the making of certain agreements in writing between the plaintiff and the defendant, Booth, whereby the latter was to act as agent of the former in several of the New England States, specified in the agreements, and was to receive as compensation for his services certain commissions and percentages ; that the defendant, Booth, kept and performed the duties and obligations in such agreements on his part to be kept and performed, and in pursuance of the second of such agreements expended large sums, to wit, $5,000, in securing and furnishing offices, and in procuring agents and canvassers, and in the payment of their salaries ; that subsequently the plaintiff notified said Booth that it had annulled said contract ; that it, without his consent, seized and took possession of said offices, with the books and papers therein, and ejected his servants therefrom, and converted the furniture of such offices to its own use, and has refused to account with him for the sums due to him under such agreements for commissions and percentages collected by it, the amount of which he is unable to ascertain until the plaintiff shall account to him ; that, by reason of said wrongful acts, the said Booth has suffered great wrong and injury, and been put to unnecessary labor and expense and loss, and been greatly damaged, to wit, in the sum of $30,000.    The plea concludes with a verification and prayer for judgment whether the plaintiff ought to have or maintain its action, etc.

We do not think that the defendants can avail themselves of any defence under this plea which they cannot make under their third plea, to wit, the plea of performance ; for, if the defendant, Booth, is entitled to an account of the commissions and percentages alleged to be due to him under said agreement, he can obtain such accounting only by a resort to a bill in equity or an action at law for that purpose.    We cannot grant the defendant, Booth, affirmative relief under this plea in this action.    *Hawkins* v. *Baker*, 14 R. I. 139, 142.    And, again, if he is entitled to damages by reason of the alleged breach of contract by the plaintiff, or by reason of its conversion of the office furniture, such damages are recoverable

by action at law, and, being sums unliquidated, and not being capable of ascertainment by calculation, cannot be set off in the present suit, but must form the subjects of other and independent suits.   Pub. Stat. R. I. cap. 212, § 14; *Bell* v. *Ward*, 10 R. I. 503; *Clyde* v. *Knight*, 12 R. I. 194.

*Demurrers sustained.*

*Cyrus M. Van Slyck*, for plaintiff.
*Herbert B. Wood & William Fitch*, for defendant.