(12 Misc. Rep. 26.)

NEUCHATEL ASPHALTE CO., Limited, v. MAYOR, ETC., OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

FOREIGN CORPORATIONS—RIGHT TO SUE.

The general corporation law (Laws 1892, c. 687), § 15, forbids foreign corporations to do business in the state without a certificate of authority, and provides that "no foreign corporation doing business in this state without such certificate shall maintain any action in this until it shall have procured such certificate." *Held,* that a foreign corporation doing business in the state before such enactment, though it failed to procure the certificate within the time limited, may, nevertheless, sue on a contract previously made, where it afterwards procured the certificate. 30 N. Y. Supp. 252, reversed.

Appeal from equity term.

Action by the Neuchatel Asphalte Company, Limited, against the mayor, aldermen, and commonalty of the city of New York, to foreclose a mechanic's lien. The complaint was dismissed (30 N. Y. Supp. 252), and plaintiff appeals. Modified.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Thomas M. North, for appellant.

C. J. G. Hall, for respondent.

DALY, C. J. The plaintiff, a foreign corporation, filed a notice of lien against the premises in question on October 25, 1893. It is objected that no lien was thereby effected, because the plaintiff's

contract was not enforceable, owing to noncompliance with the provisions of the general corporation act of 1892, requiring foreign corporations to procure from the secretary of state a certificate that they have complied with all the requirements of law to authorize them to do business in this state. It is also contended that, if a valid lien was originally acquired, it was lost by failure to bring an action of foreclosure within 90 days after filing of the notice. Consolidation Act, § 1827. The general corporation act, referred to, prohibits a foreign stock corporation, other than a moneyed corporation, doing business in this state without having procured the certificate referred to; and the section concludes with the provision: "No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate." The plaintiff was doing business in this state when the act was passed, and made the contract and performed the work upon which defendant's claim is based in this city in the year 1893, but did not procure the certificate required by the act until December 4, 1893, which was after the filing of its lien, but before it attempted to commence an action of foreclosure. Although this contract when made was prohibited by the statute, it was, nevertheless, enforceable by action as soon as the certificate was procured. The clause quoted undoubtedly refers to prohibited contracts,—i. e. contracts made while the corporation was doing business without a certificate; for, by its terms it applies to corporations so doing business, and no others. Were it intended to prohibit actions upon contracts untainted by illegality (such as contracts made before the statute), the qualification "without such certificate" would have been omitted, and the clause would have simply provided that "no foreign corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate." By qualifying the corporation as one "doing business in this state without a certificate," the provision applies only to corporations engaged in violations of the act, and its only purpose is to afford such corporations an opportunity to make their contracts, otherwise unenforceable, cognizable by the courts of this state. By this construction effect is given to every part of the section of the act in question; for, if the last clause were not intended to help contracts that were invalid, it would be mere surplusage; the general prohibition contained in the first part of the enactment would be sufficient to prevent recovery upon contracts made in violation of such prohibition. This construction also relieves the court from the necessity of considering the point suggested in Varnish Co. v. Connell, 10 Misc. Rep. 553, 32 N. Y. Supp. 492, that the act in question may be in conflict with the constitution of the United States, reserving to congress the regulation of commerce between the states and with foreign nations; for we regard the statute as merely refusing, in certain cases, the use of the courts of this state to foreign corporations until they comply with its laws.

Having procured the certificate of the secretary of state on December 4, 1893, this plaintiff was enabled to maintain an action upon its contract, and to foreclose its lien by action. An attempt to commence such an action was made in January, 1894, but the contractor Matthias Theriault, under whom plaintiff claims as subcontractor, was not served with the summons in that action until February 7, 1894, which was more than 90 days after the filing of the lien. The lien act declares that no lien shall be binding upon the property unless an action be commenced within 90 days from the filing of the same, and a notice of pendency of action be filed with the comptroller. Consolidation Act, § 1827. The same act declares that any claimant who has filed a lien may enforce his claim by a civil action. Section 1829. The party commencing such action must make all parties who have filed claims—the contractor and the city—parties defendant. Section 1830. It is contended against the plaintiff that his failure to serve his summons upon the contractor within 90 days from the filing of his lien was a failure to commence an action within that period, as the contractor was a necessary party and the principal party to the litigation, and that the service upon the city within the prescribed time was not the commencement of the action. If this contention were fair, then it would result that in any case where a lienor plaintiff commenced an action, but failed to serve his summons upon any other lienor, within the 90 days, such plaintiff's lien would cease to be binding; for the statute makes every claimant a necessary party equally with the city and the contractor. It would seem a reasonable compliance with the statute to hold that an action is commenced if all the necessary parties are included in it, and service upon either the contractor or the owner or holder of the fund claimed is effected within the 90 days; but it is not necessary to rest a decision in favor of this plaintiff upon that construction, as his lien is saved by the fact that an action was commenced by another lienor, and the city and the contractor served therein, before the expiration of 90 days from the filing of this plaintiff's lien. The statute does not prescribe that each lienor must commence a separate action to foreclose his lien, but that, within 90 days from the filing of it, "an action" shall be commenced; and as all the parties who have filed liens are necessary parties to any such action, and may set forth their claims by answer, and the court is to decide the extent, justice, and priority of the claims of all parties therein (section 1830), it would seem that any action so commenced is, in effect, an action on behalf of each party entitled when it is so commenced to maintain an action to enforce his own lien. Even were the plaintiff in such action to fail therein for want of a lien, the action would not abate, but would be retained to afford the defendants the relief which they were entitled to among themselves. Morgan v. Taylor (Com. Pl. N. Y.) 5 N. Y. Supp. 920.

One of the parties filing liens upon this fund under the contract with Theriault was Kuhnla, who filed his lien on October 20, 1893, and who commenced an action to foreclose it; and served the city

and the contractor within 90 days after that date, and of course within 90 days from the filing of the plaintiff's lien, which was on October 25, 1893. To that action the plaintiff was a necessary party, made so by statute, and, if omitted, would have to be brought in upon his own application, or that of any other party. He was made a party, and answered. His lien was therefore enforceable by him in that action, which was commenced while his lien was binding upon the fund; and when that action was consolidated with his own, and with that of a third lienor, the consolidated action still remained Kuhnla's action, and plaintiff was entitled to all the benefits which he derived from its timely commencement.

The judgment should therefore be modified so as to provide for the payment out of the fund of the plaintiff's lien, in the order of priority of its filing, and, as so modified, affirmed, with costs of this appeal to the appellant, to be paid out of the fund. McAllister v. Case (Com. Pl. N. Y.) 5 N. Y. Supp. 918. All concur.