(17 Misc. Rep. 302)

### O'REILLY, SKELLY & FOGARTY CO. v. GREENE.

(City Court of New York, General Term. June 30, 1896.)

1. FOREIGN CORPORATIONS—RIGHT TO SUE AFTER EXPIRATION OF CHARTER.

Where a foreign corporation, by the laws of its domicile, continues to exist after the expiration of its charter for the purpose of suing on debts which accrued before such expiration, it may also sue in such case in New York.

2. SAME—CERTIFICATE OF AUTHORITY TO DO BUSINESS.

Laws 1892, c. 687, § 15, which provides that no foreign corporation doing business in New York shall sue in New York, on any contract made by it therein, without first obtaining a certificate of authority, does not apply to a contract made out of the state by a third person, and assigned to such corporation, or to contracts made before the enactment of the statute.

3. SAME—FAILURE TO OBTAIN CERTIFICATE—PLEADING.

Failure of a foreign corporation to obtain a certificate of authority to do business in New York (Laws 1892, c. 687, § 15) is a matter of defense in an action by such corporation brought in New York, and cannot be taken advantage of by demurrer, but only by answer.

Appeal from special term.

Action by the O'Reilly, Skelly & Fogarty Company against Bartholomew A. Greene. From a final judgment, and from an interlocutory judgment overruling a demurrer to the amended complaint, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and O'DWYER, J.

Richard J. Morrisson, for appellant.

Edward W. S. Johnson, for respondent.

O'DWYER, J. Defendant demurs upon the grounds:

"(1) That the complaint does not state facts sufficient to constitute a cause of action. (2) That the plaintiff has not legal capacity to sue, in that it is not an existing foreign corporation, and that it is not alleged that it is authorized to do business in the state of New York, and maintain an action in the courts of said state, and has procured a certificate from the secretary of state of said state; that it has complied with all the requirements of law to authorize it to do business in said state, and that the business of the said plaintiff to be carried on in said state is such as may be lawfully carried on by a corporation incorporated under the laws of the said state for such or similar business. And (3) that there is a defect of parties defendant, in that Francis McCabe has not been made a defendant."

Plaintiff was incorporated under the laws of the state of West Virginia for a term of three years running from January 1, 1892, until December 31, 1895. Under the laws of the state where plaintiff was incorporated, when the corporation has expired by its terms, it continues to exist for the purpose of bringing suits or actions upon debts or demands due to the corporation with like effect as before such expiration, as far as shall be necessary or proper for collecting such debts or claims so due. In other words, as far as the claims that exist and belong to the corporation are necessary to be sued upon, the corporation exists for the purposes of such suit. The plaintiff is a corporation existing for that purpose in West Virginia, and like effect must be given to it by the laws of the state of New York. In Demarest v. Flack, 128 N. Y.

205, 28 N. E. 645, it is held that such a corporation is entitled to the recognition and protection of the tribunals of this state with like effect as is given it in the state of its incorporation. And in Vinegar Co. v. Schlegel, 143 N. Y., at page 542, 38 N. E. 729, Judge O'Brien says:

"But so long as the plaintiff exists and is recognized by the courts and authorities of that state, it is entitled to the same recognition here, unless it appears that it was formed for purposes illegal here, or is doing acts prohibited by the laws of this state to its own citizens and corporations."

The demurrer admits all the facts alleged in the complaint, and the facts alleged in the complaint are that the corporation is a corporation for the purpose of collecting its claims due at the time of its expiration with like effect as it had existed before its expiration under the laws of the state of West Virginia, and, as it exists under the laws of the state of West Virginia, like effect must be given to it under the laws of the state of New York, within the decisions above cited.

The defendant contends that the plaintiff had no right to sue, because the complaint does not allege the procuring of the certificate pursuant to section 15, c. 687, Laws 1892. This is no longer an open question before this court, for that statute only provides that no foreign stock corporation doing business in this state without such a certificate as mentioned therein shall maintain any action in this state upon any contract made by it in this state, and this contract was not made by it in this state. The contract was made with the co-partnership firm, and the obligation of the defendant to that firm was assigned to the plaintiff; and clearly the law in this respect does not control the question or establish the inability of the plaintiff to maintain this action. Moreover, such section of this act does not apply to contracts made previous to the enactment of that act. In Gas-Pipe Co. v. Connell, 86 Hun, 319, 33 N. Y. Supp. 482, it is held that a corporation existing prior to the enactment had a right to conduct its business in the ordinary way without the certificate provided for up to and including December 31, 1892, and after that date to perform and enforce any lawful contract previously made; but if, after that date, it desired to do business beyond the performance and enforcement of previous contracts, it must have such certificate. This contract was entered into before that date or previous to it. It was assigned to the plaintiff previous to that date, and therefore this decision controls, and the certificate was not necessary. Even if this statute were available to the defendant, it could not be taken advantage of by demurrer. It is a matter of defense. In Nicoll v. Clark, 13 Misc. Rep. 128, 34 N. Y. Supp. 159, the general term of the common pleas held that in an action brought by a foreign corporation upon a contract made within the state it is not necessary to allege or prove that it has filed such certificate, but its omission to do so is a matter of defense which must be set up in the answer.

Francis McCabe was not a necessary party defendant. A contract made by a party in writing to answer for and pay the debt

of another may be enforced against him without making that other a party defendant.

It follows that the judgments and orders appealed from should be affirmed, with costs.