SIMPLEX DAIRY CO. v. COLE et al.

(Circuit Court, S. D. New York. March 26, 1898.)

1. FOREIGN CORPORATIONS—CERTIFICATE TO DO BUSINESS—NEW YORK.

Under Laws N. Y. 1892, c. 687, § 15, providing that "no foreign stock corporation doing business in the state without such certificate [of authority to do business] shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate," the remedy is merely suspended until such time as the certificate is procured.

2. CONTRACT—SPECIFIC PERFORMANCE.

Where a contract provided for the transfer of a patent, for the organization of a corporation and carrying on business, and for cash subscriptions to a certain amount of stock within 60 days, the patentee having become an incorporator, a director, and an officer, and attended directors' meetings, he cannot refuse to carry out the contract because the whole amount of the cash subscriptions was not paid in within the specified time.

This was a suit in equity by the Simplex Dairy Company against Walter Cole and others for the reformation and enforcement of a contract.

Fabius M. Clark, for complainant.
Herbert F. Andrews, for defendant Walter Cole.
Bristow, Opdyke & Wilcox, for defendant James G. Cannon.
W. H. Van Steenbergh, pro se.
George B. Kirkbride, pro se.

TOWNSEND, District Judge. The complainant, which is the assignee of a certain written contract between one Kirkbride, its assignor, and the respondent Walter Cole, by the bill herein asks for a reformation of said contract, its enforcement as reformed, and for other relief. Said written contract, inter alia, provided for the transfer to complainant's assignor by said Cole of his patent No. 478,736, dated July 12, 1892, and for the organization by complainant's assignor of a corporation for developing the invention therein claimed, and carrying on business under said patent; for obtaining within 60 days from May 10, 1895, the date of said agreement, bona fide subscriptions to its stock, so as to put into its treasury at least $18,750 in cash; and for making certain payments to said Cole, and discharging certain liens on said patent.

Counsel are at issue as to whether complainant's assignor, Kirkbride, within the 60 days or subsequently, did obtain the bona fide subscriptions, and pay the same into the treasury of the company as agreed, and, if not, whether such requirement was waived by the respondent Cole. Kirkbride did not obtain actual bona fide subscriptions for $18,750 within 60 days from May 10, 1895. But, within 30 days from said date, he wrote Cole that he had "received the promised subscription to $25,000 stock, and same will be formally made soon as the patents are in proper shape, and my friends are so advised by our attorney." On May 25th he had written Cole, saying: "I can do nothing with selling stock until the new patents are issued. My attorney here confirms what Mr. Parker said,—the process must be protected; otherwise no investment is safe. So, we will bend all our energies in that direction now." In the face of

further information to this effect, Cole became one of the incorporators, a director, and an officer, of the company, and attended its directors' meetings, and continued to assist in its management as late as the spring or summer of the following year. In fact, the total amount of bona fide subscriptions for said $18,750 were afterwards obtained, and have been paid in, so far as called for; the sum already paid in being $17,276.75. The complainant contends, and the respondents practically admit, that the respondent Cole orally agreed, provided Kirkbride fulfilled his agreement, to also convey to this complainant the patent thereafter obtained for the process carried on by said patented apparatus, and that he has not made said conveyance. It is unnecessary to detail the evidence as to the causes of the failure of the parties to comply with their agreements. I find that the complainant or its assignor did subsequently comply with the requirements of said agreement, and that its failure to technically comply with said requirements was in part due to the failure of the respondent Cole to keep his agreements, or to his inexcusable interference with the efforts of complainant; that the respondent Cole has, by his conduct, waived compliance with said requirements as to the time of obtaining bona fide subscriptions; and that no time having been fixed for the payment of the whole of said sum of $18,750 into the treasury, and the sum of $17,776.50, being all that was called for, having been paid in, this issue should be determined in favor of complainant. The original agreement further provided for a payment of $1,000 to said Cole, which it is claimed has not been paid. As to this point, respondent's counsel says:

"Assuming for the moment that Mr. Cole's salary was to be $100 per month, it appears from this account that the company has overpaid him the sum of $891. I am unable to find any evidence that Mr. Cole's salary was to be $100 per month. Mr. Cole testifies that his salary was to be $200 per month."

The original agreement provided for a payment to Cole of $100 per month before the organization of the company, and "not less than $100 a month" thereafter. It does not appear that any new agreement was ever made. This defense is not sustained. The complainant is a foreign corporation. Section 15 of chapter 687 of the Laws of 1892 of the State of New York provides as follows:

"No foreign stock corporation doing business in this state without such certificate [of authority to do business] shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

Complainant was incorporated July 9, 1895. The contract in suit was assigned November 18, 1895. It procured its certificate from the secretary of state, February 5, 1896. The respondent therefore claims that "complainant cannot sue upon any contract made by it prior to February 5, 1896," and cites, in support of said claim, Crefeld Mills v. Goddard, 69 Fed. 141. The writer sat with two of the judges of the circuit court of appeals at the hearing of said case on a writ of error. The opinion of Judge Wallace was affirmed. Judge Wallace there held that the remedy on the contract was merely suspended until such time as said certificate

should be procured. Pipe Co. v. Connell, 86 Hun, 319, 33 N. Y. Supp. 482; Neuchatel Asphalt Co. v. Mayor, etc. (Com. Pl.) 33 N. Y. Supp. 64. Irrespective of this point, and even if respondent is not estopped to set up this plea, it does not appear that the complainant is "doing business" in this state. Gilchrist v. Railroad Co., 47 Fed. 593; Chase's Patent Elevator Co. v. Boston Towboat Co., 152 Mass. 432, 28 N. E. 300. It is not alleged, and it does not appear, that the contract was made in this state. Shelby Steel Tube Co. v. Burgess Gun Co., 8 App. Div. 444, 40 N. Y. Supp. 871; O'Reilly v. Greene (City Ct. N. Y.) 40 N. Y. Supp. 360. It is sufficiently proved that the original contract was intended to include the process, and that subsequent oral agreements were made to the same effect. Let a decree be entered for complainant in accordance with this opinion.