# ZION CO-OPERATIVE MERCANTILE ASSOCIATION, APPELLANT, v. MAYO, RESPONDENT.

### [No, 1297.]

[Submitted January 12, 1899.  Decided January 23, 1899.]

*Foreign Corporations—Actions—Pleadings—Interstate Commerce.*

It is not necessary for a foreign corporation plaintiff, bringing action on a domestic contract, to allege that it has complied with the statutory conditions precedent to doing business in the state, where the petition shows facts making the transaction *prima facie* interstate commerce.

*Appeal from District Court, Silver Bow County, William Clancy, Judge.*

ACTION by Zion Co-operative Mercantile Association against Edwin L. Mayo. From a judgment for defendant, plaintiff appeals. Reversed.

*Chas. Mattison,* for Appellant.

**BRANTLY, C. J.**—The complaint herein alleges that the plaintiff is a corporation organized and doing business under the laws of the state of Utah. It then proceeds to allege, as a cause of action against the defendant, that between the 22d day of August and the 2d day of September, 1896, the plaintiff shipped to the defendant from Idaho Falls, Idaho, four car loads of potatoes, of the value of $1,060.24, to be sold by him on commission at Butte, Silver Bow county, Mont.; that the defendant received and sold them for $1,060.24; and that, after allowing the defendant credit for his commission and for all proper disbursements, there is due from him to the plaintiff $522.98, which the defendant, upon demand refuses to pay. The answer admits the receipt of the potatoes, and alleges as a defense full payment of everything due. It also denies generally all the other allegations of the complaint.

Upon the trial, after a jury had been selected, the plaintiff offered proof of its claim.    The defendant thereupon objected to the introduction of any evidence by the plaintiff, on the ground "that it appeared that the defendant was a foreign corporation, organized and doing business under the laws of Utah, but that it did not appear that it had complied with the provisions of Division I, Part IV, Title XI, Sections 1030-1038, of the Civil Code of Montana." This objection the court sustained, and thereupon, at the request of defendant, directed the jury to return a verdict for the defendant. From this action of the court the plaintiff appeals.

The court below, in the trial of this cause, evidently proceeded upon the idea that, in order to maintain a suit in the courts of this State to enforce a contract made within this State a foreign corporation must allege and prove that it has complied with the laws of this State entitling it to do business here, and to make contracts of this character. We do not understand this to be the law.    Mr. Thompson, in his Commentaries on the Law of Corporations, at Section 7965, after discussing this question fully, concludes as follows: "The best opinion, therefore, is that, in an action by a foreign corporation to enforce a domestic contract, it is not only not necessary for the corporation to aver and prove in the first instance its compliance with the domestic statutes entitling it to do business within the domestic State, but that, unless the defendant makes an averment of noncompliance in distinct terms, he cannot introduce evidence to show that such was the fact." The following authorities support this view:    8 Am. and Eng. Ency. Law, 345, and note; *S. P. R. R. Co.* v. *Purcell*, 77 Cal. 69, 18 Pac. 886; *Nelms* v. *Edinburg-American Land Mortgage Co.*, 33 Am. and Eng. Corp. Cases, 27, (Ala.) 9 South. 141; *O' Reilly, Skelly & Fogarty Co.* v. *Greene* (City Ct. N. Y.), 40 N. Y. Supp. 360; *Nicoll* v. *Clark*, (Com. Pl.) 34 N. Y. Supp. 159.    We are aware that the authorities are somewhat in conflict upon this question, but this view seems to be so consonant with reason that we adopt it as establishing the better rule.

This conclusion may seem in conflict with the holding of this Court in *Kent & Stanley Co.* v. *Tuttle*, 20 Mont. 203, 50 Pac. 559, but such, in fact, is not the case. In that case it was alleged in the answer, and admitted in the reply, that the plaintiff was engaged in merchandising in the State of Montana, but had never complied with the laws of this State under which foreign corporations become entitled to do business here. Under this condition of the pleadings this Court held that it was the duty of the plaintiff to show upon what its claim was based, so that the character of the transaction could be passed upon. In other words, it appearing that it was a foreign corporation engaged in business in this State, it was incumbent upon it to show that at the time the contract was made it was engaged in interstate commerce. In the case under consideration it appears *prima facie* that at the time the contract was made the plaintiff was engaged in interstate commerce, and it, therefore, by its allegations, brings itself within the case of *McNaughton Co.* v. *McGirl*, 20 Mont. 124, 49 Pac. 651; for it appears that at the time the contract in question herein was made the plaintiff was doing business in the State of Utah, and was shipping the products of the State of Idaho into the State of Montana for sale.

The conclusions here reached are upon the record as presented in this Court. The defendant may so reform his answer in the court below, if he can do so, as to properly present the question for adjudication when the cause is tried again.

The judgment of the District Court is therefore reversed, and the cause remanded, with directions to proceed in accordance with the conclusion announced herein.

*Reversed and remanded.*

HUNT and PIGOTT, JJ., concur.