MILLER, APPELLANT, *v.* GATES ET AL., RESPONDENTS.

[No. 1,049.]

[Submitted February 24, 1899. Decided March 20, 1899.]

*Foreign Corporations— Compliance with State Laws—Mortgages—Foreclosure—Pleading—Decree— Validity.*

1.  As against a mortgagor's creditors, who obtained no lien prior to a foreclosure sale

to the mortgagee, but who attached before the recording of the sheriff's deed, the decree of foreclosure is not void on the ground that the mortgagee was a foreign corporation, and did not comply with the state laws governing such corporations.

2.   As against creditors of the mortgagor, a decree of foreclosure in favor of a foreign corporation is not void because in the foreclosure proceedings the corporation falsely alleged that it had complied with the state laws governing foreign corporations.

*Appeal from District Court, Lewis and Clarke County; H. N. Blake, Judge.*

SUIT by John R. Miller against A. R. Gates, Gates, Townsend & Co., and the Mutual Benefit Life Insurance Company. From a decree for defendants, plaintiff appeals. Affirmed.

*Walsh & Newman,* for Appellant.

The decision of this Court in the case of *Mutual Benefit Life Insurance Co.* v. *Winne,* eliminates many questions from this case. We contend, however, that the decision in that case is not decisive of the case at bar. The decision in that case, as we understand it, is based on the grounds that a curative act was passed by the Legislature, making valid a void contract, or removing a disability, and that the defendant Helena and Denver Investment Company, whose rights intervened, expressly assumed the payment of the debt secured by mortgage, and that it was in no better position to assail the contract, or the validity of the curative statute, than was Winne. In the case at bar the plaintiff's lien attached to the property on January 21st, 1895, and again on the 1st of February, 1895. The curative statute under which the insurance company claims that its void contracts were made valid, was approved March 19th, 1895, but did not take effect until July 1st, 1895. It did not file its certificates to comply with that act until April 20th, 1895 (Record pages 18–56), and again on August 13th, 1895, although the court found that they were filed April 2nd. The plaintiff's lien by attachment and execution was acquired and attached to this property long before the curative act, under which respondents claim, was enacted, and long before it complied with the provisions of that act, and this suit was commenced before the act took effect.

When plaintiff's lien attached the mortgage of the insurance company, and its judgment was void. (Compiled Statutes, page 722, Sec. 445; *Mutual Benefit Insurance Company* v. *Winne*, 49 Pac. 446; *Powder R. C. Co.* v. *Com'rs of Custer Co.*, 9 Mont. 145–51; *Insurance Co.* v. *Wright*, 55 Vt. 520–533; *White River Lumber Co.* v. *Southwestern Imp. Ass.*, 18 S. W. 1055; *Reliance Mutual Ins. Co.* v. *Savage*, 160 Mass. 413; *Cary Lum. Co.* v. *Lumber Co.*, 22 S. W. (Tenn.) 743; *Farrior* v. *New England Co.*, 88 Ala. 275–279; *Cincinnati Mut. Co.* v. *Rosenthal*, 55 Ill. 86; *Aetna Ins. Co.* v. *Harvey*, 11 Wis. 412; *Hoffman* v. *Bank*, 41 Ind. 1; *Bank of B. C.* v. *Page*, 6 Ore. 431; *The Penn. Co.* v. *Banerle*, 143 Ill. 459.)

The attachment lien took precedence of the defective mortgage. (See *Carter* v. *Champion*, 21 Am. Dec. 695.) The plaintiff's lien by attachment and execution, attached to the property and he thereby acquired a vested right therein, and the Legislature could not divest the lien when thus acquired by plaintiff and given precedence to a mortgage and judgment that was each void when the lien attached to the property. The plaintiff pursued his remedy that the law gave him when the debt was contracted and the action commenced, and acquired a valid lien on the property of the debtor. It was beyond the power of the Legislature to then enact a law that would change the status of the parties, the title to the property, and without a hearing, or a chance to be heard, divest plaintiff's lien and give precedence to a void mortgage and judgment. Such legislation would deprive him of his property without due process of law, deprive him of a vested right and impair the obligation of a contract, all in violation of the Constitution of the United States. (See *Gunn* v. *Barry*, 15 Wall, 610; *Edwards* v. *Kearsy*, 96 U. S. 595; Cooly's Constitutional Limitations, 347–48–49–442–443; Wade on Attachment, Sec. 35; *Arnold* v. *Kelly*, 5 W. Va. 446; *Law on* v. *Jeffries*, 47 Miss. 686; *Atkenson* v. *Dunlap*, 50 Me. 111; *Danks* v. *Quackenbush*, 5 Denio, 591; *Hannahs* v. *Felt*, 15 Ia. 141; *State* v. *Hickman*, 9 Mont. 370; Drake on Attachment, Sec. 224; *Homestead Cases*, 22 Grattan, 266; *Foster* v.

*Byrne,* 76 Ia. 295; *Lesley* v. *Phipps,* 49 Miss. 790; *Fitzgerald* v. *Weidenbeck,* 76 Fed. 695; *Hooper* v. *California,* 155 U. S. 648; *Hershfield* v. *Telephone Co.* 12 Mont. 119; *Dudley* v. *Collier,* 6 So. 304; *Christian* v. *Mortgage Co.,* 7 So. 427; *Dundee M. T. & I. Co.* v. *Nixon,* 10 So. 311.)

The judgment was obtained under the allegation contained in the complaint that the insurance company, the plaintiff therein, was at all times mentioned in the complaint, doing business in the State of Montana, under and by virtue of the laws thereof. It is now admitted that it did not file any papers in the office of the Secretary of State until April 20th, 1895, and on August 13, 1895, hence, it was not doing business under and by virtue of the laws of the State, but was doing business in violation thereof. A license to do insurance business limited it to that business and did not give it authority to do any other. (Chapters 29–30, General Laws, Compiled Statutes 1887; Record, p. 52.) Section 2 of the act of March, 1893, expressly provided that no court in the State should enforce a contract made by foreign corporations that did not comply with the law. (Session Laws 1893, p. 92.) The judgment is therefore void. (*Roberts* v. *Yancy,* 21 S. W. 1047; *Gevin's Appeal,* 15 At. 468; *In re Sawyer,* 124 U. S. 200.)

*N. W. McConnell* and *Clayberg, Corbett & Gunn,* for Respondents.

PER CURIAM.—Action to set aside a decree of foreclosure of a mortgage upon certain real estate situate in Helena, Montana, in aid of an execution.

The facts, briefly, are: On August 1, 1890, A. R. Gates obtained a loan from the defendant insurance company of $35,000, and secured the same by a mortgage upon lots 15 and 16, block 42, in Helena. On September 10, 1891, Gates and his wife conveyed the property to defendant Gates, Townsend & Co., a corporation, subject to the mortgage. On June 16, 1894, under proceedings instituted for that purpose in the

District Court of the First Judicial District of Montana, a judgment of foreclosure was entered by default against Gates and Gates, Townsend & Co. On June 19, 1894, an order of sale was issued in pursuance of said decree, and placed in the hands of the sheriff of Lewis and Clarke county, who, on July 12, 1894, sold the property to the insurance company, giving to it a certificate of sale. On January 17, 1895, the said sheriff also executed and delivered a deed to the said company, the time for redemption having expired. This deed was filed for record on February 2, 1895, in the office of the clerk of Lewis and Clarke county. On January 30, 1895, defendant Gates, Townsend & Co. executed and delivered to the insurance company its deed, whereby it conveyed to the said company any interest it had in the property described in the said mortgage, by virtue of the deed to it by A. R. Gates and wife. On January 21, 1895, in a cause pending in the District Court of the First Judicial District of Montana, wherein John R. Miller, the plaintiff herein, was plaintiff, and A. R. Gates and Gates, Townsend & Co. were defendants, in which a judgment was sought by the plaintiff against the defendants upon a certain promissory note executed by them to the plaintiff, an attachment was duly and regularly issued, and was, by the sheriff of Lewis and Clarke county, duly levied upon the same property as that described in the said mortgage by A. R. Gates and wife to the insurance company, so as to attach and hold any interest therein belonging to either of the defendants in said suit. On February 1, 1895, a judgment was duly given and entered in said action in favor of John R. Miller, the plaintiff, and against the defendants Gates and Gates, Townsend & Co. for the sum of $3,199.41. On February 2, 1895, an execution was issued upon the said judgment, and placed in the hands of the sheriff of Lewis and Clarke county, and levied upon the said property. No sale was made by him because of the appearance upon the records in the clerk's office of the said mortgage to the insurance company, the certificate of sale, and the sheriff's deed above mentioned. This judgment is wholly unsatisfied. A. R. Gates and Gates,

Townsend & Co. were wholly insolvent, and owned no property, except what interest the latter may have had in the property in controversy herein.

The insurance company is a foreign corporation, organized under the laws of the state of New Jersey, and had not, at the time plaintiff's suit was brought, complied with the laws of Montana relative to foreign corporations doing business within this State, and did not do so thereafter until April 20, 1895. In its complaint in the foreclosure proceedings it alleged that it had so complied with the statutes of Montana.

The loan by the insurance company to A. R. Gates was made, and the mortgage and note to secure it were delivered, in Montana. Other similar loans were made to other persons in the same way. The deed given by Gates, Townsend & Co. to the insurace company was executed and delivered after January 21, 1895. The decree of foreclosure was obtained by the insurance company after personal service of process upon all the defendants in the foreclosure proceedings.

The court below rendered judgment for defendants. From this judgment, and from an order overruling his motion for a new trial, plaintiff appeals.

Plaintiff contends that the contract of mortgage between Gates and wife and the insurance company was void; that consequently the decree and sheriff's deed based thereon are void; and that all of them should be set aside, so that the property incumbered thereby may be subjected to the payment of his judgment.

As to the character of the mortgage contract, as affected by the failure of the insurance company to comply with the laws of Montana before doing business within the State, this case is not distinguishable from the case of *Mutual Benefit Insurance Co.* v. *Winne*, 20 Mont. 20, 49 Pac. 446. In that case it was held, and properly we think, that the contract was voidable only, instead of void, and that, if the obligee chose to do so, he could plead the statute, and thus, perhaps, avoid the contract. The question as to whether the doctrine of estoppel could be successfully invoked against him was reserved.

In the foreclosure proceedings between the same corporation and the defendants A. R. Gates and Gates, Townsend & Co., the question was not raised. Judgment was permitted by them, and a sale of the property to the insurance company to satisfy the mortgage. The contract was merged in the decree, and the decree satisfied. This proceeding was as effective to convey the title to the insurance company as if these defendants had passed the title to it by their deed. These defendants might have paid the judgment had they been able and desired to do so; and the plaintiff in this cause, though a creditor, could have made no just complaint, though such payment had left these defendants insolvent. So now, as they have permitted the mortgage to be satisfied, the debt contract being void only at their election at the time the judgment was obtained, the creditors who had no lien upon the property before the title was finally vested have no right to complain. The decree of foreclosure is valid as to all the parties to it and those in privity with them. (*Black* v. *Caldwell*, 83 Fed. 880, and authorities cited.)

The fact that the attachment in the suit of plaintiff Miller against defendants Gates and Gates, Townsend & Co. was levied upon the property before the sheriff's deed was filed for record makes no difference as to the rights of the insurance company. (*Vaughn* v. *Schmalsle*, 10 Mont. 186, 25 Pac. 102.)

Nor is there any merit in the contention of plaintiff herein that the allegation in the complaint of the insurance company in the foreclosure proceedings that it had complied with the law of Montana is false, and, therefore, that the decree is void. It was not necessary that this allegation should be made by the company in that suit. It was not necessary that it should be established by proof. Its noncompliance with the law was a matter of defense. (*Zion Co-operative Mercantile Association* v. *Mayo*, 22 Mont. 100, 55 Pac. 915.)

Let the judgment be affirmed.

*Affirmed.*