## Terre Haute & Ind. R. R. Co. v. Peoria & P. U. Ry. Co.

1. This case involves substantially the same questions of law and fact as Terre Haute & Indianapolis Railroad Co. et al. v. Peoria & Pekin Union Railway Co., in which we file an opinion this day, see *ante*, page 435.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This case involves substantially the same questions of law and fact as another having the same title in which we file an opinion this day, fully discussing said questions. After the Appellate Court had affirmed the decree discussed in that opinion, the complainant appealed from that decision to the Supreme Court, and applied to Mr. Justice Wilkin of the Supreme Court for an order continuing in force the injunction pending the further appeal, which application was granted if said appellant would give bond, with sureties, conditioned, among other things, to pay the Peoria & Pekin Union Railway Company " the sum of $1,875 per month from the first day of December, 1895, and for each month during the pendency of said appeal, less such credits as appellant made on said sum." Thereupon said appellant gave a bond pursuant to said order, containing full recitals of the occasion of giving it, and binding the obligees, among other things, to pay the Peoria & Pekin Union Railway Company "the sum of $1,875 per month for each month, from December 1, 1895, less all proper credits and payments on account of fixed rental during the pendency of said appeal in case the said decree appealed from shall be affirmed in said Supreme Court." On June 23, 1897, the Supreme Court affirmed said decree. Thereafter this suit was brought upon said last appeal bond. The pleadings in this case were substantially the same as in the suit upon the earlier bond, except that the declaration was for the rentals from December 1, 1895, to the termination of said last appeal, and that the order attacked by the pleas in this case as without jurisdiction was the order of the justice of the

Supreme Court requiring a bond for $1,875 per month. The rulings upon the pleadings and evidence were substantially the same in this case as in the other. The proof showed that only $1,083.33 per month had been paid upon said rentals, and that the amount due at $1,875 per month from December 1, 1895, to June 23, 1897, exceeded the amount paid thereon by $15,687.56. There was a verdict and a judgment in debt for $25,000, the penalty of the bond, and awarding damages at $15,687.56. The principal and sureties upon said bond prosecute this writ of error to reverse said judgment.

What we have said in our opinion in the suit upon the other bond disposes of all questions argued in this case, and for the reasons given by us in that case, this judgment is affirmed.