## AMERICAN HAND-SEWED SHOE CO., APPELLANT, *v.* O'ROURKE, RESPONDENT.

[No. 1,266.]

[Submitted January 25, 1900.    Decided February 5, 1900.]

*Foreign Corporations—Noncompliance With Domestic Statutes —Allegations of Complaint.*

Since it is unnecessary for a foreign corporation plaintiff, bringing action on a domestic contract, to allege in its complaint that it complied with the statutes of the state entitling it to do business therein, the question of its noncompliance therewith can only be raised by answer.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by American Hand-Sewed Shoe Company, a corporation, against John O'Rourke and others, co-partners as A. Ducharme & Co.    Judgment for defendant O'Rourke, and plaintiff appeals.    Reversed.

### STATEMENT OF THE CASE.

Plaintiff alleges that it is, and was at all times mentioned in the complaint, a corporation organized and existing under and by virtue of the laws of the state of Rhode Island; that for some time prior to the 1st day of May, 1894, it had a course of dealings upon credit with the said defendants, doing business as co-partners; that on or about said 1st day of May defendant John O'Rourke withdrew from said partnership; that at various times between the said 1st day of May, 1894, and the 21st day of December, 1895, plaintiff sold certain goods to the said partnership upon credit; that a balance of $1,171.67 remains unpaid upon said account, though demand of payment has been made; that plaintiff had no notice or knowledge at any time prior to said 21st day of December of the withdrawal of the said John O'Rourke from said part-

nership; that during all of the said time from the said 1st day of May, 1894, to the said 21st day of December, 1895, said partnership business was continued at the same place and under the same firm name as before, and that during all of this time defendant John O'Rourke held himself out as a partner in said firm; that plaintiff was induced to sell such goods upon credit in the belief that the defendant John O'Rourke continued as a member of the said firm; and "that all of said goods, wares and merchandise were ordered by the said A. Ducharme & Co., in said Butte City, Montana, and were shipped and consigned by plaintiff to the said A. Ducharme & Co. at the said Butte City, Montana."

The answer of defendant John O'Rourke admits all of these allegations except that he held himself out as a partner subsequent to the 1st day of May, 1894, and that plaintiff did not have knowledge and notice of his withdrawal.

Defendants Thomas O'Rourke and A. Ducharme suffered default. The cause was tried as between plaintiff and defendant John O'Rourke. A witness being called on behalf of plaintiff, defendant objected to the introduction of any testimony, and moved for judgment on the pleadings. The objection and motion were by the court sustained, and judgment was entered in favor of said defendant and against the plaintiff for costs. From said judgment, plaintiff appeals.

*Mr. John H. Shelton*, for Appellant.

*Mr. Emmet Callahan* and *Mr. J. O. Bender*, for Respondents.

PER CURIAM.—The ground of defendant's motion for judgment on the pleadings was that it appeared from the face of the complaint that plaintiff was a foreign corporation engaged in business in Silver Bow county, Montana, and had brought this suit to enforce a contract that was void because of plaintiff's failure to comply with the provisions of the Civil Code of Montana, Division I, Part IV, Title XI, concerning foreign corporations, in that plaintiff had not filed in the office

of the secretary of state, or with the county clerk of Silver Bow county, a copy of its charter, or a certificate of consent to be sued in the courts of Montana, and had not designated a person in this state upon whom service of process could be made, etc.

The appellant's contention brings this case directly within the rule laid down in *Zion Co-operative Mercantile Association* v. *Mayo*, 22 Mont. 100, 55 Pac. 915, decided since the appeal herein was filed. The conclusion reached in the Zion Association Case was, generally, that in an action by a foreign corporation to enforce a domestic contract it is unnecessary for the plaintiff corporation to plead in its complaint compliance with the statutes of the state entitling it to do business within the state. Defendant may, by answer, set up plaintiff's noncompliance with the statutes as a ground upon which the contract is void as to the corporation, and for the purpose of preventing the enforcement of the same in favor of the plaintiff corporation, and thus raise an issue; but without such a pleading on defendant's part, the question of such noncompliance cannot be raised.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*