## NORTHERN ASSURANCE COMPANY OF ENGLAND V. AUGUST D. BORGELT.

FILED JANUARY 21, 1903. No. 12,563.

Commissioner's opinion, Department No. 2.

1. **Foreign Corporation:** BUSINESS IN THIS STATE: COMPLIANCE WITH CONDITIONS: DEMURRER. Where the record discloses affirmatively that the plaintiff, a foreign corporation, has been doing business in this state without complying with the conditions prescribed by the statutes, a demurrer is properly sustained.

2. ——: ——: ——: ——: DEFENSE SET UP IN ANSWER. But where such fact does not appear affirmatively, a demurrer will not lie because the petition fails to allege that the statutory conditions have been complied with. In such case non-compliance is a defense to be set up by answer. *Commonwealth Mutual Fire Ins. Co. v. Hayden*, 60 Nebr., 636, distinguished.

3. **Bond:** CAUSE OF ACTION: DEFAULT: LIMITATION. A cause of action accrues upon a bond conditioned to do a certain act as soon as there is a default in the performance, whether the obligee has suffered damage or not, and the statute of limitations begins to run from that date.

Syllabus by court; catch-words by editor.
* See appendix.

4. ———: ———: ———: ———: CONDITION: INDEMNITY: DAMAGE. If, however, the bond is conditioned to indemnify, damage must be shown before the party indemnified is entitled to recover, so that a cause of action accrues, and the statute begins to run, not from the date of the act which causes damage, but from the time when pecuniary loss ensues therefrom.

5. ———: CONSTRUCTION: GENERAL PURPOSE: INTEREST OF PARTIES: FORM OF WORDS. Courts incline strongly to construe bonds as contracts of indemnity only, and will attach more importance to the general purpose of a bond, as shown by its provisions as a whole and the interests of the parties in the subject-matter, than to the precise form of words employed.

6. ———: BREACH: STATUTE OF LIMITATIONS: SUBSEQUENT BREACH. Although a cause of action for a prior breach of a bond furnished by an agent for the protection of his principal may have been barred by limitation, such fact will not bar an action for another and subsequent breach; the statute of limitations runs as to each breach from the time when it takes place.

7. Principal and Agent: INSTRUCTIONS: NEGLIGENCE: LOSS: RECOVERY. It is the duty of an agent of limited authority to adhere faithfully to the instructions of his principal, and if he exceeds, violates or neglects them, and loss results to his principal as a natural and ordinary consequence, it is his duty to make such loss good.

8. Insurance Agents: BOND: CONDITION: CANCELATION OF POLICY: DUTY OF AGENT: LIABILITY: CONTRACT OF INDEMNITY. A bond furnished by insurance agents to the company was conditioned that the agents should "in all respects observe and fulfil the instructions of the said company" and that they should "in all other respects well and faithfully perform their duties as such agents." The agents neglected to cancel a policy when directed so to do, and the company was afterwards compelled to pay a loss upon the policy. In an action on the bond, *held* (1) that, as to the condition last mentioned, the bond was to be construed as a contract of indemnity; (2) that even if not a contract of indemnity, as it was the duty of the agents to make good any loss which accrued to the company through their neglect or violation of their instructions, the condition that they would fully perform their duties as agents was broken when they failed to repay to the company the amount it was compelled to pay out through their misconduct, and hence, in either view, the cause of action was not barred until five years from the time when loss to the obligee ensued.

ERROR from the district court for Lancaster county. Action by a foreign insurance company upon the bond of

an agent. The facts appear in the opinion. Tried below before FROST, J. Judgment on demurrer to plaintiff's petition. *Reversed.*

*Charles J. Greene, Ralph W. Breckenridge* and *J. C. Kinsler,* for plaintiff in error.

*Frank A. Boehmer, contra.*

POUND, C.

A firm of insurance agents furnished a bond to one of the companies which they represented, conditioned, among other things, that the agents should "in all respects observe and fulfill the instructions of the said company" and that they should "in all other respects well and faithfully perform their duties as such agents." The agents, it is alleged, neglected to cancel a policy when directed so to do; and the company was afterwards compelled to pay a loss upon the policy. Thereupon the company brought an action upon the bond, alleging these facts. It appeared from the petition that the neglect to comply with the order to cancel the policy took place more than five years prior to the time when the cause was begun, but the action was brought within five years from the time when it was ascertained that the company was liable for a loss under the policy and was compelled to pay such loss. Demurrers were sustained in the district court, and the company brings the case here on error.

Two points are made in support of the demurrer,— that the plaintiff, as appears on the face of the petition, is a foreign insurance company, and does not allege that it has complied with the statutory prerequisites to transaction of business in this state, and that the cause of action is barred by the statute of limitations. In support of the first point, we are cited to *Commonwealth Mutual Fire Ins. Co. v. Hayden,* 60 Nebr., 636, 83 Am. St. Rep., 545. But we think a manifest distinction is to be made between the two cases. Where the record discloses

affirmatively that a plaintiff, a foreign insurance company, has been doing business in this state without complying with the conditions prescribed by the statutes, a demurrer is proper. *Commonwealth Mutual Fire Ins. Co. v. Hayden* was such a case. We have examined the record in that cause and find the petition alleged that the plaintiff had made contracts in Massachusetts, to be governed by the laws of that state, insuring property in Nebraska, and that copies of the policies were filed and inserted in the record. From the pleadings and instruments filed, it appeared affirmatively that the transactions involved were in violation of the statutes of this state. In the case at bar this is not true. There is an omission to allege that the statutory conditions had been observed, but there is nothing to show affirmatively that they were not in fact fully satisfied. The petition shows that the company had been doing business in the state in the ordinary manner by regular resident agents. The question is whether we shall presume that it was doing so unlawfully. On this point the authorities are numerous and uniform. Where it does not appear affirmatively that the plaintiff has done business in the state in contravention of the statutes, a demurrer will not lie because the petition fails to allege that the statutory conditions have been complied with. In such case non-compliance is a defense to be set up by answer. *Smith v. Weed Sewing Machine Co.*, 26 Ohio St., 562; *New England Fire & Marine Ins. Co. v. Robinson*, 25 Ind., 536; *Sprague v. Cutler & Savidge Lumber Co.*, 106 Ind., 242, 6 N. E. Rep., 335; *Nickels v. People's Building, Loan & Savings Ass'n*, 93 Va., 380, 25 S. E. Rep., 8; *Nelms v. Edinburgh American Land Mortgage Co.*, 92 Ala., 157, 9 So. Rep., 141; *American Button Hole, Overseaming & Sewing Machine Co. v. Moore*, 2 Dak., 280, 8 N. W. Rep., 131; *New England Mortgage Security Co. v. Vader*, 28 Fed. Rep., 265. In *Cassaday v. American Ins. Co.*, 72 Ind., 95, the court said (p. 98) : "Where the complaint is silent on the subject, it can not be presumed that the appellee and its

agent had not complied with the provisions of the statute at the time of the execution of the contract. In the absence of any showing to the contrary, it seems to us that we may fairly presume that both the appellee and its solicitor had complied with the requirements of the statute before and at the time the policy was issued and the note in suit was given therefor. At all events, we are of the opinion that the complaint ought not to be held insufficient on a mere presumption that the appellee and its agents may not have complied with the provisions of the statute." Counsel cite several cases where non-compliance with the statute was held a good defense. But those cases accord with the rule as above stated.

In order to determine whether the action is barred by the statute of limitations, it becomes necessary to ascertain when plaintiff's cause of action accrued,—whether at the time the agents failed to cancel the policy, as directed, or at the time when loss to the company ensued as a result of their neglect or violation of instructions. A clear distinction is made between bonds conditioned to pay a certain sum of money or to do a certain act, and bonds conditioned to indemnify. ⸺A cause of action accrues upon a bond conditioned to do a certain act as soon as there is a default in performance, whether the obligee has suffered damage or not. If, however, the bond is conditioned to indemnify, damage must be shown before the party indemnified is entitled to recover, so that a cause of action accrues, not from the date of the act which causes damage, but from the time when pecuniary loss ensues therefrom. *Wilson v. Stilwell,* 9 Ohio St., 468, 75 Am. Dec., 477; *American Building & Loan Ass'n v. Waleen,* 52 Minn., 23, 53 N. W. Rep., 867; *Gilbert v. Wiman,* 1 N. Y., 550, 49 Am. Dec., 359; *Wicker v. Hoppock,* 6 Wall. [U. S.], 94, 18 L. Ed., 752; *Hicks v. Hoos,* 44 Mo. App., 571, 579; *Terre Haute & I. R. Co. v. Peoria & P. U. R. Co.,* 81 Ill. App., 455. It follows that in the one class of cases the statute begins to run from the date of default, in the other it runs from the time when loss or damage is

entailed upon the obligee.    In the one class, if the act is
done afterwards, or for other reasons, the damages may
be nominal only, and at common law *non damnificatus*
was not a proper plea.    In the other, damage is the gist
of the case; without it there is no cause of action, and
*non damnificatus* might be pleaded at common law.    Con-
sequently, if the sole condition in the bond were that the
agents should perform certain specified and well-defined
acts, the statute would undoubtedly run from the time
when they failed in performance.    But, without attempt-
ing to refer the condition that the agents fulfil the in-
structions of the company to the one class or the other,
we think the action maintainable upon the condition that
they should "in all other respects well and faithfully per-
form their duties as such agents."    This would be so
whether the statute had run as to the other condition or
not.    Although a cause of action for a prior breach of a
bond given by an agent for protection of his principal
may have been barred by limitation, such fact will not
bar an action for another and subsequent breach..    The
statute of limitations runs for each breach from the
time when it takes place.    *Deposit Bank v. Hearne,* 48
S. W. Rep. [Ky.], 160.    Hence, if there was a breach of
the bond when loss accrued to the company by reason of
the misconduct of its agents, the fact that there had been
a prior breach of another condition at the time they dis-
obeyed their instructions would not affect the running
of the statute.

The rule that where the bond is conditioned to do a
certain act a cause of action accrues and damages are
recoverable upon default in performance, although no
actual loss has yet resulted, has been criticised justly as
an effort to engraft on the courts of common law a
species of specific performance, irregular and illegitimate,
and which neither their forms of procedure nor the gen-
eral arrangement of their system enable them to exercise
without great danger of injustice and abuse.    2 Sedgwick,
Damages [7th ed.], 307-311.    Under the code sytsem,

many of the difficulties suggested disappear. *Wilson v. Stilwell,* 9 Ohio St., 468, 470, 75 Am. Dec., 477. Yet it must be admitted that contracts of pure indemnity are more in accord with present legal conceptions. Originally courts were governed strictly by the precise terms of the instrument, and held that *non damnificatus* could not be pleaded in an action on a bond conditioned for the doing of a certain act, even though it appeared that the bond was given by way of indemnity. *Holmes v. Rhodes,* 1 Bos. & Pul. [Eng.], 638; *Neville v. Williams,* 7 Watts [Pa.], 421; *American Building, Loan & Investment Co. v. Booth,* 17 R. I., 736, 24 Atl. Rep., 779. At present the tendency is otherwise. Courts now incline strongly to construe bonds as contracts of indemnity only, and will attach more importance to the general purpose of a bond, as shown by its provisions as a whole, and the interests of the parties in the subject-matter, than to the precise form of words employed. *American Building & Loan Ass'n v. Waleen,* 52 Minn., 23, 53 N. W. Rep., 867. "The nature of the duty of the obligor, and character of the obligee, will be regarded as explanatory of the intent of the parties." *Strawbridge v. Baltimore & O. R. Co.,* 14 Md., 360, 367, 74 Am. Dec., 541. Looking at the situation of the parties, the nature of the acts to be done, and the terms of the instrument, we have no doubt that a principal purpose was to indemnify the company against any loss that might ensue from misconduct of the agents, and we should be justified in treating the bond in suit as a contract of indemnity. In that case, the cause of action could not be held to have accrued until the company was compelled to pay a loss under the policy wrongfully left outstanding. But if the other view were taken, by reason of the terms of the condition to "well and faithfully perform their duties as agents" in all other respects, we think the same result would follow. It is the duty of an agent of limited authority to adhere faithfully to the instructions of his principal, and if he exceeds, violates, or neglects them, and loss results to his principal as a natural and ordinary consequence, it

is his duty to make such loss good. *Phœnix Ins. Co. v. Frissell*, 142 Mass., 513, 8 N. E. Rep., 348; *Whitney v. Merchants' Union Express Co.*, 104 Mass., 152, 6 Am. Rep., 207; Mechem, Agency, sec. 474; 1 Am. & Eng. Ency. Law [2d ed.], 1058. As counsel express it aptly, it is an implied or expressed term of every contract of agency that the agent will reimburse the principal for any loss that he may sustain through the neglect of the agent. When a loss results from the agent's misconduct, this general duty becomes a specific duty to pay the amount of the damage. This is as much one of the agent's duties as the duty to obey instructions, and we think it fairly and clearly covered by the general language of the bond in question. As it was the duty of these agents to make good any loss which accrued to the company through their neglect or violation of the instructions given them, the condition that they would fully perform their duties as agents was broken when loss accrued under such circumstances and was not made good, and the cause of action would not be barred until five years from the time when loss to the obligee resulted from their misconduct.

We recommend that the judgment be reversed and the cause remanded with directions to overrule the demurrers.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded with directions to overrule the demurrers.

REVERSED AND REMANDED.