T. H. ROGERS LUMBER CO. vs McREA.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 803).

1. *Corporations—Compliance with Statute.*

    Compliance with a statute requiring a corporation to appoint a resident agent will be assumed therefore it need not state and particularly where the answer does not raise any question need not prove such compliance.

2. *Same—Capacity to Bring Suit.*

> The law presumes that all persons and corporations comply with the law and have a legal right to sue.

3. *Pleading—Provisions of Statute.*

> Mansf. Dig. § 5062 (Ind. Ter. Ann St. 1899, § 3267) provides that a pleading need not contain presumptions of law.

Error to the United States Court for the Western District of the Indian Territory; before Justice Chas. W. Raymond. May 20, 1905.

Action by the T. H. Rogers Lumber Company against A. S. McRea. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

The complaint in this case alleges that the plaintiff, T. H. Rogers Lumber Company, is a foreign corporation; that the defendant, A. S. McRea, is indebted to it for material furnished for the erection of a dwelling house, and asks for the foreclosure of a mechanic's lien upon the property. There is no allegation in the complaint, and there was no proof offered upon the trial, as to the compliance by plaintiff with the act of Congress approved February 18, 1901, 31 Stat. 794, c. 379, requiring foreign corporations doing business in the Indian Territory to appoint a resident agent. The answer does not raise this question. The only defense raised by the answer is nil debet, and the plaintiff's capacity to sue is not questioned by the pleadings. After the plaintiff had introduced proof of its claim, and shown compliance with the mechanic's lien statute, it closed its case. Thereupon the defendant moved the court to instruct the jury to return a verdict for him because the plaintiff, being a foreign corporation, had not shown that it had complied with the law requiring it to appoint a resident agent. This motion was sustained, and the jury, by direction of the court, returned a verdict for the defendant.

*Cravens, Rutherford & Cravens,* for plaintiff in error.

*N. A. Gibson,* for defendant in error.

CLAYTON, J. (after stating the facts as above). The only question presented for our consideration is whether it is necessary for a foreign corporation, before it can maintain an action in this jurisdiction, to aver and prove compliance with the law requiring it to appoint a resident agent. This question is one which has many times been passed upon by the courts of the various states; and the decisions are in direct conflict. The preponderance of numbers, however, and, to our mind, the overwhelming weight of reason and soundness of principle, is in favor of the doctrine that the presumption of compliance with the law applies to this as well as to other questions; and a corporation need not aver, and especially where the question is not raised by the answer, need not prove, compliance with a statute requiring it to appoint a resident agent. Acme Merc. Co. vs Rockford, 10 S. D. 203, 72 N. W. 466, 66 Am. St. Rep. 714; Lehigh Valley Coal Co. vs Gilmore, 93 Minn. 432, 101 N. W. 796, 106 Am. St. Rep. 443; M. L. L. & I. Co. vs Gordon, 113 Iowa, 481, 85 N. W. 816; Amer. Ins. Co. vs Cutler, 36 Mich. 261; Parlin Co. vs Boatman, 84 Mo. App. 67; Amer. Ins. Co. vs Smith, 73 Mo. 368; Zion Coop. Assn. vs Mayo, 22 Mont. 100, 55 Pac. 915; North. Assur. Co. vs Borgelt, 67 Neb. 282, 93 N. W. 226.

Mr. Thompson in his Commentaries on the Law of Corporations, vol. 6, § 7965, says: "Judicial authority is likewise divided upon the question whether it is necessary, in an action by a foreign corporation to enforce a contract made in the domestic state, to aver and prove compliance on its part with the statutes of the state entitling it to do business therein. We have elsewhere seen that the general presumption of right acting applies to corporations, both domestic and foreign, and that it will be presumed that a given act was within the powers of the corporation until the contrary appears. We have also met with cases which hold that it is a presumption, in the absence of evidence to the contrary, that a foreign corporation,

suing to enforce a contract made in the domestic jurisdiction, has complied with the local laws which entitle it to make that contract. If these principles are sound, then it must follow as a necessary conclusion to be adduced from them that the foreign corporation need not aver and prove, in the first instance, in order to maintain an action upon a contract made within the domestic state, that it had complied with the domestic law entitling it to do business within the state, and to make that contract. But we find decisions directly to the contrary, which proceed upon the principle that compliance with the local statute is a condition precedent to the right to maintain an action in the local courts which like other conditions precedent must be averred and proved by the plaintiff as the foundation of its right of action. These holdings are unphilosophical and contrary to the analogies of good pleading.   *   *   * The best opinion therefore is that, in an action by a foreign corporation to enforce a domestic contract, it is not only not necessary for the corporation to aver and prove in the first instance its compliance with the domestic statutes entitling it to do business within the domestic state, but that unless the defendant makes an averment of noncompliance in distinct terms, he cannot introduce evidence to show that such was the fact."

The act of Congress of February 18, 1901, 31 Stat. 794, c. 379, provides: "That before any foreign corporation shall begin to carry on business in the Indian Territory, it shall, by its certificate,   *   *   *   designate an agent, who shall reside where the United States Court of Appeals in the Indian Territory is held, upon whom service of summons and other process may be made." It is presumption of the law that all persons and corporations act in accordance with law, and have legal capacity to sue. Elliott on Evidence, vol. 3, § 1585. Section 5062, Mans. Dig. (Ind. Ter. Ann. St. 1899, § 3267), provides: "Neither presumption of law nor matter of

which judicial notice is taken need be stated in a pleading."

The court, therefore, erred in instructing the jury to return a verdict for the defendant.

Reversed and remanded.

GILL, C. J., and Townsend and LAWRENCE, JJ., concur.