RELIANCE MUTUAL INSURANCE COMPANY *vs.* HOWARD
M. SAWYER & another.

Middlesex.   December 6, 1893. — January 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Fire Insurance — Foreign Corporation doing unauthorized Business here —
Action on Premium Note — Statute.*

A foreign fire insurance company, doing business in this Commonwealth without
having complied with the provisions of St. 1887, c. 214, §§ 77 *et seq.*, cannot main-
tain an action upon a premium note given by the owner of property here, upon
which a policy of insurance was issued by the company in pursuance of a con-
tract made by the defendant with the company's local agent.

CONTRACT, to recover the amount of an instalment alleged
to be due upon a premium note given by the defendants on the
issuing of a policy of insurance by the plaintiff.   The case was
submitted to the Superior Court, and, after judgment for the de-
fendants, to this court, on appeal, upon agreed facts, in substance
as follows.

On April 9, 1888, the plaintiff was a foreign fire insurance cor-
poration, organized under the laws of the State of Iowa, located
at Dubuque in that State, and doing business in this Common-
wealth; but it had not then, and has not since, complied with the
statutes of this Commonwealth applicable to such corporations.

The defendants on the above named date entered into a con-
tract for insurance with the plaintiff, and they signed the note
declared on, and received from the plaintiff a policy of insurance
upon their property in Cambridge.   The signed application for
insurance, with the note sued on accompanying the same, were
sent by mail to the office of the plaintiff in Dubuque by the com-
pany's agent in Massachusetts.

The defendants, by virtue of the charter and by-laws of the
plaintiff corporation, upon the policy issuing to them, became
and were members of the corporation during the continuance of
their policy of insurance.

On August 6, 1890, while the policy of insurance was in force,
the plaintiff corporation became insolvent, and, by proceedings

duly taken in the District Court of the County of Dubuque, in Iowa, made a general assignment to J. K. Deming.

Between August 1, 1887, and August 6, 1890, the plaintiff suffered loss and expenses in a sum which rendered necessary an assessment of the balance due on the contract with the defendants, namely, $65.25, which amount, with all the assessments heretofore made on the contract, did not amount in the aggregate to a sum exceeding the amount appearing on the face of the contract; and on January 5, 1891, it was ordered by the District Court that the defendants pay the sum above named to Deming as such assignee.

The defendants received from Deming notice of such order, namely, to pay $65.25 within thirty days, the notice being dated January 6, 1891.

*G. H. Ryther*, for the plaintiff.

*W. P. Martin*, for the defendants.

FIELD, C. J.   On April 9, 1888, the plaintiff, a fire insurance corporation organized under the laws of the State of Iowa, and doing business in this Commonwealth without having complied with the provisions of the statutes applicable to such a corporation, issued a policy of insurance to the defendants upon property situated in Cambridge, in this Commonwealth, and the defendants signed a premium note therefor, and this suit is brought to recover an instalment alleged to have been duly assessed upon the note.   We infer from the agreed facts that the business was transacted through " the company's agent in Massachusetts "; that the application and the note were sent by mail to the office of the plaintiff in Dubuque, Iowa; and that the policy was delivered to the defendants in Massachusetts.

The statutory provisions in force when this contract of insurance was made are St. 1887, c. 214, §§ 77 *et seq.*   We have no doubt, on the agreed facts as we interpret them, that the business of effecting this insurance was transacted in this Commonwealth within the meaning of these provisions of the statute.

The principal contention of the plaintiff is, that the present case falls within the decisions in *Provincial Ins. Co.* v. *Lapsley*, 15 Gray, 262, *National Ins. Co.* v. *Pursell*, 10 Allen, 231, and *Hartford Ins. Co.* v. *Matthews*, 102 Mass. 221, instead of the decisions in *Jones* v. *Smith*, 3 Gray, 500, *Washington County Ins.*

*Co.* v. *Dawes*, 6 Gray, 376, 379, *General Ins. Co.* v. *Phillips*, 13 Gray, 90, *Washington County Ins. Co.* v. *Chamberlain*, 16 Gray, 165, and *Washington County Ins. Co.* v. *Hastings*, 2 Allen, 398. The latter cases were decided under Rev. Sts. c. 37, §§ 40 *et seq.*, and St. 1847, c. 273, § 3, while the former cases were decided under St. 1854, c. 453, § 36, and other similar statutes. See St. 1856, c. 252, § 49; Gen. Sts. c. 58, § 72; Pub. Sts. c. 119, § 200. The difference between these two sets of statutes is, that the later statutes provide that, if insurance is made by any foreign insurance company without complying with the requirements of the statutes, the contract of insurance shall be valid, but the agent of the company making the insurance shall be punished, while the earlier statutes contain no such provision. The Legislature, however, in enacting St. 1887, c. 214, omitted this provision, and the preceding statutes then in force were repealed. This statute is explicit and absolute, that "no foreign insurance company shall be so admitted and authorized to do business until" it shall have complied with certain conditions expressed in the statutes. § 78. The present case, therefore, must be held to be within the earlier decisions. "The consideration of the note was a contract on the part of the insurance company, made by an agent, which he was prohibited from making by the laws of this Commonwealth." *General Ins. Co.* v. *Phillips*, 13 Gray, 90.     *Judgment affirmed.*