KENT & STANLEY CO., Appellants *v.* H. S. TUTTLE, et al., Respondents.

[Submitted Oct. 13, 1897.  Decided Oct. 18, 1897.]

*Foreign   Corporations—Interstate   Commerce—Pleading.*

IN AN action which is brought to recover the value of goods sold in this state, and in which the answer alleges and the reply admits that the plaintiff is a foreign corporation and, at and before the time of the sale, was engaged in the business of selling goods, wares and merchandise in the state of Montana, and that plaintiff had never complied with the laws of the state relating to foreign corporations doing business in this state, it is necessary for plaintiff to allege facts which show that the sale and delivery of the goods were of the nature of interstate commerce; and where he fails so to allege a motion for judgment on the pleadings is properly granted.

*Appeal from District Court, Silver Bow county.   William O. Speer, Judge.*

ACTION by the Kent & Stanley Company, a corporation, against H. S. Tuttle and others, which was dismissed by plaintiff, before judgment, as to defendant J. H. Leyson. From a judgment for defendants, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

Plaintiff sued to recover $158.02, alleged to be due by the defendants, trustees of the Tuttle-Dugan Jewelry Company, of Butte, Montana.

Plaintiff alleged that at the time mentioned in the complaint it was and is a corporation existing under the laws of the state of Rhode Island, and that the Tuttle-Dugan Jewelry Company was a corporation organized under the laws of Montana, and that the defendants, at all times mentioned therein, were trustees and officers of said Tuttle-Dugan Jewelry Company; that on or about the 7th day of March, 1894, the said Tuttle-Dugan Jewelry Company became indebted to plaintiff upon an open account for certain goods, wares, and merchandise of the value of $158.02, and that the said company wholly failed and refused to comply with Section 460 of the Fifth Division of the Compiled Statutes of Montana, by filing the annual statement thereby directed, signed by its president and a majority of its trustees, and verified by the oath of its president, and asking judgment against the defendants, and each of them, for the sum of $158.02.

Defendant H. S. Tuttle filed his answer, in which he denied that J. H. Leyson was, or ever had been, a trustee or officer of the Tuttle-Dugan Jewelry Company, and alleged :

'First. That plaintiff is a foreign corporation, organized and existing under and by virtue of the laws of the state of Rhode Island, and at and prior to the date of the sale and delivery of the goods, wares, and merchandise by plaintiff to the Tuttle-Dugan Jewelry Company, as set forth in plaintiff's complaint, the plaintiff had attempted and commenced and begun to do and was doing the business of selling and delivering goods, wares, and merchandise, to-wit, jewelry, chains,

hat pins, bracelets, and other merchandise in the state of Montana, and to the merchants and citizens in the county of Silver Bow, and elsewhere in the state of Montana.

"Second.   That plaintiff wholly failed to file, and has never filed, in the office of the Secretary of State, or in the office of the County Recorder of the county of Silver Bow, or in any other county of the state of Montana wherein plaintiff intended to carry on business, a duly-authenticated or any copy of its charter or certificate of incorporation or statement, verified by the oath of its president and secretary, or a majority of its board of directors, showing the name of such corporation, with location of its principal office or place of business without this state, or the location of its place of business or principal office in this state, or the amount of its capital stock, or the amount thereof actually paid in money, or the amount thereof paid in any other way than in that way, or the amount of its assets, or of what such assets consist, or the actual cash value thereof, or the liabilities of such corporation, or, if its indebtedness is secured, how secured, or upon what property, as required by the laws of Montana.

"Third.   That plaintiff wholly failed to file, and has never filed in the office of the Secretary of State of the State of Montana, any certificate under the head of its president or seal of said company, or otherwise or at all, designating an agent, a citizen of Montana, upon whom service of summons and other process may be made; or stating the principal place of business of such corporation in this state.

"Fourth.   That by reason of such failure on the part of plaintiff all its acts, contracts, and the sale contract and acts set forth in the complaint were and are void and invalid as to plaintiff, and this court has no power to enforce the same in favor of plaintiff, and no jurisdiction in this action."

The defendant E. O. Dugan filed his answer, and denied, upon information and belief, "that the said Tuttle-Dugan Jewelry Company wholly failed or neglected or refused to comply with the provisions of Section 460 of the Fifth Division of the Compiled Statutes of Montana, or wholly failed to file the an-

nual statement thereby required between the 1st and the 20th days of September, 1894; and averred upon information and belief, that John W. Cotter, one of the trustees, filed a statement as required by law;'' and alleged affirmatively matters substantially as pleaded in Tuttle's answer.

Thereafter, on motion of plaintiff, the cause was ordered dismissed as to the defendant J. H. Leyson.

Plaintiff filed a replication to the answer of the defendant H. S. Tuttle, and admitted ''that this plaintiff is a foreign corporation organized and existing under and by virtue of the laws of the state of Rhode Island, and· that at and prior to the date of the sale and delivery of the goods, wares, and merchandise described in its complaint herein it had engaged in, and was engaged in, the business of selling and delivering goods, wares, and merchandise to merchants and citizens in the county of Silver Bow and elsewhere in the state of Montana.'' Plaintiff further admitted all the allegations in the second and third subdivisions of the separate answer of defendant H. S. Tuttle, but specifically denied that by reason of such failure on the part of plaintiff, as therein alleged, all or any of its acts and contracts as set forth in its complaint were or are void or invalid, and denied that the court had no power to enforce the same.

The cause came on for trial before the court without a jury, and evidence on behalf of plaintiff was offered; whereupon counsel for defendants objected to the introduction of any evidence, and moved for judgment on the pleadings, which motion was by the court sustained, for the reason that the matter set forth in the answer of the defendants Tuttle and Dugan were taken as confessed and admitted, and were a sufficient pleading in bar to the action. Judgment was ordered in favor of the defendants and against the plaintiff for costs. From this judgment, plaintiff appeals to this court.

*Carroll & Leahey*, for Appellants.

*John W. Cotter* and *Jas. W. Forbis*, for Respondents.

Hunt, J.—The plaintiff expressly admitted by its replica-

tion to the answer of the defendant Tuttle that it never complied with the laws of Montana imposing certain conditions upon which foreign corporations might do business in this state, as set forth in Tuttle's answer. It further expressly admitted in its replication that at and prior to the date of the sale and delivery of the goods, wares, and merchandise described in its complaint it had engaged in, and was engaged in, the business of selling and delivering goods, wares, and merchandise to merchants and citizens in the county of Silver Bow and elsewhere in the state of Montana. For reversal of the judgment appellant relies upon the decision of this court in *McNaughton* v. *McGirl*, 20 Montana 124, 49 Pac. 652.

It is argued that appellant was a foreign corporation engaged in selling goods and merchandise to the citizens of this state, and that, therefore, the provisions of the law (act approved March 8, 1893) requiring foreign corporations to do certain acts as a condition precedent to their right to do business in Montana do not apply, inasmuch as the state cannot regulate commerce between the states. (*McNaughton* v. *McGirl*, 20 Montana 124, 49 Pac. 652.)

We think appellant wholly misapplies the McNaughton case. The pleadings and facts there disclosed transactions decided to be commerce among the several states. But it cannot be held that the sale and delivery of goods in Montana by a corporation organized under the laws of another state is *per se* an interstate commercial transaction, when such foreign corporation deliberately admits that at the time of the sale, and prior thereto, it was engaged in the business of selling and delivering goods and wares to merchants throughout this state. There is not even an averment that the goods sold were made in another state or exported therefrom for sale or delivery into this state; nor is there any allegation from which there can be any reasonable inference drawn in the face of the plaintiff's admissions other than that plaintiff is a corporation carrying on business in this state subject to the restrictions and conditions legally imposed upon it by the legislature. We know of no presumption by which sales and delivery of goods

by a foreign corporation to citizens of this state should be classed as interstate commercial transactions. Surely, none can be indulged in where the corporation suing concedes that it has been and is engaged in business in this state before and at the time of such sales and delivery.

We think that where it is sought to defeat an action by a foreign corporation in the courts of Montana for the collection of money due it by a citizen of this state, upon the ground of noncompliance with the laws regulating the right of foreign corporations to do business in Montana, and such corporation relies upon its freedom from any restraint of local law, it should appear upon what its claim is based, so that the character of the transaction may be passed upon. But in this case, upon the face of the pleadings, plaintiff put itself in a position where the doctrine of the McNaughton case became inapplicable, and where the court properly rendered judgment against it. Judgment affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.