PAUL HENNI ET AL. V. FIDELITY BUILDING & LOAN ASSOCIATION.

FILED MAY 22, 1901. No. 9,432.

1. Foreign Building and Loan Association: CONTRACT: FOREIGN STATUTE: STIPULATION: VOID AND UNENFORCEABLE. A contract made in this state, with a resident thereof, by a foreign building and loan association, which has failed to first procure a certificate of approval and authorization from the proper officers for transacting business in this state, is void and unenforceable, though the parties to such contract may have stipulated therein that it should be governed by the laws of the state where the offending association is resident.

2. ———: POLICY OF THIS STATE. The policy of this state, as announced by the legislature, is to prohibit the transaction of business by foreign building and loan associations, unless duly authorized by the proper authorities. *Commonwealth Mutual Fire Ins. Co. v. Hayden*, 60 Nebr., 636, and *Barbor v. Boehm*, 21 Nebr., 450, followed.

3. Comity: PUBLIC POLICY. Our courts, as an exercise of comity, will not enforce a contract resulting from the transaction of business within this state violating the public policy thereof.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. *Reversed.*

*Lane & Murdock,* for plaintiff in error:

A premium note given for insurance in a foreign company that had not complied with the law, is void. *Barbor v. Boehm,* 21 Nebr., 450; *Cincinnati Mutual Health Assurance Co. v. Rosenthal,* 55 Ill., 85; *Pennsylvania Co., etc., v. Bauerle,* 33 N. E. Rep. [Ill.], 166; *Rose v. Kimberly & Clark Co.,* 62 N. W. Rep. [Wis.], 526; *Seamans v. Temple Co.,* 63 N. W. Rep. [Mich.], 408.

*McGilton & Herring, contra:*

Even a contract *malum in se* will be enforced, if valid under the law of the place of performance or other proper law of the contract. *Kittle v. DeLamater,* 3 Nebr., 325, 332; *Kling v. Fries,* 33 Mich., 275; *McIntyre v. Parks,* 44 Mass., 207.

*Charles S. Lobingier,* also for defendant in error.

NORVAL, C. J.

The Fidelity Building & Loan Association, a corporation organized under the laws of Colorado, commenced suit in Douglas county to foreclose a mortgage on real estate situate in that county, executed to it by Paul Henni to secure the payment of a certain loan made by the former to the latter. In the contract it was stipulated that it should be considered as having been made under and construed by the laws of the state of Colorado. Plaintiff, a foreign building and loan association, had not, at the time the contract was made, complied with section 17, chapter 14, Session Laws, 1891, which, among other things, declares that it shall not be lawful for a foreign building and loan association, directly or indirectly, to transact any business in this state without first procuring a certificate of approval and authorization

from the auditor of public accounts, state treasurer and attorney general, or any two of them, etc. In the absence of compliance with this law in the particular mentioned, is this mortgage enforceable? We can hardly, since the decision in *Commonwealth Mutual Fire Ins. Co. v. Hayden*, 60 Nebr., 637, consider this question open to dispute; for while there the policy of a foreign insurance company was under consideration, the same questions of law were involved. The following language employed by Mr. Justice SULLIVAN in that case is also applicable to building and loan associations organized outside this state: "The statute prescribing the conditions upon which foreign insurance companies may do business here is a police regulation designed to protect our people against irresponsible insurers. It forbids them to do any insurance business, directly or indirectly, in this state, until they have complied with its terms; and the principle of judicial comity does not require our courts to actively aid in the enforcement of contracts which interfere with, and tend to frustrate, the policy established by the legislature." In *Barbor v. Boehm*, 21 Nebr., 450, we held that a premium note given for insurance to a foreign company that had not complied with the law is void, and can not be enforced.

It it is against the settled policy of this state, as announced by legislative enactments, to permit foreign associations or corporations like the plaintiff to transact business in this state without first complying with the requirements of the statutes—a law with which, presumably, a worthless or irresponsible organization could not comply—it is not in the power of the contracting parties to avoid such compliance by stipulating in their contract that it shall be construed by the laws of some other state.

We are fully aware of the criticism of *Barbor v. Boehm* made by Mr. Justice POST in *American Building & Loan Ass'n v. Rainbolt*, 48 Nebr., 434. What was there said was mere dictum, and it is expressly stated in the opinion that it was not the opinion of the other members of the

court. The decisions of this court cited in that connection as in conflict with the *Boehm Case* are readily reconcilable with it, and with the latter we are well content. In the act of 1891 the legislature clearly outlined the policy of this state relative to foreign building and loan associations. It was clearly the intention of the legislature that such associations as refused to comply with the conditions there imposed upon them should be excluded from doing business in this state, and that any business so transacted by them should be unlawful, which latter seems to us quite as strong a word as void. It is not enough to say that, because the legislature denounced a penalty upon those who transgressed the prohibition, it was the intention of that body that the business transacted by such associations should not be void. It was plainly the intention of the legislature to go further than merely to punish those who transgressed the statute, and to render all contracts made by the associations of that character "unlawful"—nugatory, void.

In further reply to the contention that this is a Colorado contract, because the parties so stipulate, is payable in Colorado, and one of the parties is resident in that state, we might say that the business which resulted in the defendant Henni becoming a member of this association, as well as that which resulted in the making of the loan, was all transacted in Nebraska, in violation of the statute, by an agent of the association resident in this state. *Building & Loan Ass'n v. Bilan*, 59 Nebr., 458.

The judgment of the lower court in favor of the plaintiff is therefore reversed, and the cause is remanded with instructions to enter a judgment in favor of the defendants.

REVERSED.