PIONEER SAVINGS & LOAN COMPANY v. BENJAMIN F. EYER ET AL.

FILED NOVEMBER 20, 1901. No. 10,298.

1. **Admission Evidence:** MOTION FOR NEW TRIAL: PETITION IN ERROR. Rulings upon the admission of testimony can not be reviewed unless raised by a motion for a new trial and a petition in error.

2. **Foreign Building Association Must Have Authority To Do Business.** A contract made in this state with a resident thereof by a foreign building and loan association which has failed first to

procure a certificate of approval and authorization from the proper officers for transacting business in this state, is void and unenforceable in our courts.

ERROR from the district court for Gage county. Tried below before LETTON, J. *Affirmed.*

*W. C. LeHane* and *G. D. Emery*, for plaintiff in error.

*George A. Murphy, contra.*

NORVAL, C. J.

Plaintiff is a foreign building and loan association incorporated under the laws of Minnesota and having its domicile in that state. In 1890 it made a loan of $500 to the defendant, B. F. Eyer, a resident of Nebraska, and the same was secured by a mortgage on real estate situated in this state. This was a suit to foreclose said mortgage. The defenses interposed were usury and that plaintiff was a foreign building and loan association and had not complied with section 148*p*, chapter 16, Compiled Statutes, 1891. From a decree dismissing the suit plaintiff has prosecuted error.

The first contention is that the court below erred in the admission of certain evidence on behalf of the defendants. This is unavailing, for more reasons than one. No ruling in the admission of the testimony is raised by the motion for a new trial, nor is there any assignment in the petition in error relating thereto. Moreover, the case was tried to the court without the aid of a jury; therefore, error can not be successfully predicated upon rulings of the trial court on the admission of testimony. This view has been so frequently announced and applied by this court as to make unnecessary the citation of the cases so holding. In *Henni v. Fidelity Building & Loan Ass'n,* 61 Nebr., 744, it was distinctly ruled that a foreign building and loan association which has failed to comply with the laws of this state is not entitled to enforce a contract made within the state, though it stipulated that it should be governed

by the laws of the state where the association is a resident. That case is decisive of the one at bar. As stated elsewhere, plaintiff is a Minnesota corporation. The loan in question was made in this state to a resident thereof. Plaintiff has failed to obtain a certificate of approval and authorization from the proper officers of the state, as required by section 148$p$, chapter 16, Compiled Statutes, 1891; therefore, plaintiff has no standing in the courts of this state.

It is suggested, however, that the loan was made prior to the passage of said section 148$p$, and hence the provisions thereof can not be successfully invoked. True, the loan antedates this section, but the record discloses beyond controversy that after the statute was passed and became operative the plaintiff and defendant entered into an agreement which materially changed and modified the original contract of the parties, which as thus modified is sought to be enforced herein. The contract is unenforceable. The decree is

AFFIRMED.