### CHARLES ROOME PARMELE CO. v. HAAS.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. ACTION—FOREIGN CORPORATION—COMPLIANCE WITH STATUTE—ORDER OF ARREST.

Where, in an action by a foreign corporation, the complaint does not allege that plaintiff has complied with the provision of Laws 1896, c. 908, § 181, or paid the license fee thereby required, the action cannot be maintained, and an order of arrest issued therein should be vacated.

2. ARREST—ORDER TO SHOW CAUSE—HEARING OF APPLICATION.

Where a justice, who hears and grants an order for arrest, issues an order to show cause why the order of arrest should not be vacated, that the application was thereafter passed on by another justice does not affect its validity.

Appeal from special term, New York county.

Action by the Charles Roome Parmele Company against Joseph A. Haas. From an order denying defendant's motion to vacate an order of arrest, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

S. F. Kneeland, for appellant.
A. A. Michel, for respondent.

VAN BRUNT, P. J. The plaintiff, being a foreign corporation, brought this action, apparently for conversion. The complaint contained an allegation that the plaintiff had procured from the secretary of state a certificate that it had complied with all the requirements of law, to authorize it to do business in this state, as provided by section 15 of the general corporation law of this state. No allegation was contained in the papers showing that the plaintiff had complied with the requirements of section 181 of chapter 908 of the Laws of 1896, or that it had paid the license fee therein pro-

vided for. That section provides that foreign corporations (except certain therein mentioned) authorized to do business under the general corporation law shall pay to the state treasurer for the use of the state a certain license fee, and further provides that no action shall be maintained or recovery had in any of the courts of this state by such foreign corporation without obtaining a receipt for the license fee thereby imposed within 13 months after beginning such business within the state. It seems to us that the payment of the license fee and the obtaining of the receipt therefor are conditions precedent to the right of foreign corporations to appeal to our courts for the purpose of redressing their alleged wrongs. The provision of the statute is that no action shall be maintained or recovery had, and, clearly, when foreign corporations appeal to the courts of this state, it is necessary for them to show that they have the right to maintain an action. Where, as a prerequisite to such maintenance, it is necessary that they should fulfill certain duties toward the state, it seems to be reasonable to hold that compliance with those conditions should be made to appear before they can call into action the process of the court for the purpose of either arresting the person of the defendant or his property.

The objection that this application was passed upon by another justice does not seem to be well taken. Even if that had been the case, we think that the granting of the order to show cause by the justice who heard the original application would be a sufficient indication upon his part that leave was granted for the purpose of a rehearing. We think that, because of the failure of the plaintiff to show compliance with the provisions of the statute, it could not maintain its action in the courts of this state, and that the motion to vacate the order of arrest should have been granted.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.