## GOULD LAND AND CATTLE COMPANY v. THE ROCKY MOUNTAIN BELL TELEPHONE COMPANY.

Corporations—Foreign Corporations—Transacting Business in This State—Failure to Accept Constitution—Enforcement of Contracts.

1. The constitutional provision (Art. 10, sec. 5) that no corporation organized under the laws of Wyoming Territory, or any other jurisdiction than this State, shall be permitted to transact business in this State until it shall have accepted the Constitution of this State and filed such acceptance in accordance with the laws thereof, is not self executing, but it was made effective by statute (Laws 1890-91, Ch. 42; R. S. 1899, sec. 3058) providing the manner in which such acceptance should be executed and filed.

2. A foreign corporation carrying on and conducting a live stock business in this State, and acting within the purpose and objects of the corporation in the business of buying, raising, feeding, selling, and shipping live stock and carrying on a general ranch business, is engaged in transacting a business which is prohibited by the constitution and statute until such corporation shall have executed and filed its acceptance of the Constitution of the State.

3. The provision of the Constitution and statute forbidding the transacting of business in this State by a corporation organized under the laws of Wyoming Territory, or any other jurisdiction than this State, until it shall have accepted the Constitution of the State, is mandatory in terms, was intended to be rigidly enforced, and should be construed in accordance with its plain import.

4. Where a foreign corporation is engaged in transacting business in this State, without first executing and filing its acceptance of the Constitution of the State as required by said Constitution and the statute, its contracts growing out of such business are, as against such corporation, voidable in an action thereon, by a plea in bar setting up as a defense the non-compliance of the corporation with the provisions of the Constitution and statute.

5. A foreign corporation engaged in carrying on within this State a general ranch business, including buying, selling, raising and shipping live stock sued the defendant telephone

company for damages for breach of contract in failing to correctly transmit a message over its telephone line from one of its offices in this State to the Western Union Telegraph Company at another point in this State with directions to forward the same to the plaintiff's agent in .Idaho, the said message containing instructions as to shipping plaintiff's cattle. It was pleaded as a defense and in bar of the action that the plaintiff corporation had not executed and filed its acceptance of the Constitution of the State, as required by that instrument. *Held,* that as against such defense, the contract sued on was not enforceable, and that a demurrer to such defense was properly overruled.

[Decided May 29, 1909.]                    (101 Pac. 939.)

Error to the District Court, Carbon County; Hon. David H. Craig, Judge.

The Gould Land and Cattle Company, a corporation organized and existing under and by virtue of the laws of the State of Nebraska, and engaged in business in this State, brought an action against the Rocky Mountain Bell Telephone Company upon a contract for damages for the breach thereof, alleging a failure on the part of the defendant company to correctly transmit a message over its telephone line within this State. As a defense it was alleged that the plaintiff corporation had failed to comply with the provision of the Constitution forbidding the transaction of business in this State by a foreign corporation until it shall have accepted the Constitution of the State, and filed such acceptance in accordance with the laws thereof, and had failed to file a copy of its articles and the laws under which it was incorporated, as required by law. A demurrer to such defense was overruled, and the plaintiff declining to plead further and electing to stand upon its demurrer, judgment was rendered for the defendant. Thereupon the plaintiff prosecuted error. The other material facts are stated in the opinion.

*N. R. Greenfield,* for plaintiff in error.

Where a statute not only prohibits foreign corporations from doing business in the state without first complying with

certain conditions, but also declares that contracts made without such compliance shall be void, the courts will not regard a contract so made as valid or enforce the same. Likewise, where a statute in addition to prescribing such conditions and restrictions provides that all business by such corporation before complying with the statutory provisions shall be unlawful it is generally held that contracts made in advance of a compliance with the statutory provisions will not be enforced, but as to this proposition the decisions are not uniform. It is held by other courts that where a specific penalty for a violation of the statute is prescribed, that penalty is exclusive, and that contracts made without compliance may be enforced. Again, it is held that where the statute merely prohibits such corporations from doing business in the state until a compliance with conditions imposed by the statute, without prescribing a penalty, or without declaring transactions in violation of the statute void or unlawful such contracts or transactions in violation of the statute are not void, but the only effect is to render the corporation subject to proceedings by the state to oust it from doing business. In the cases holding to the last mentioned doctrine there would seem to have been under consideration statutes very similar to those in this state. As our statute expressly provides that the Attorney General, under the direction of the Secretary of State, shall enforce the provisions of the law, we fail to see where the individual has a right to complain until the state has acted.

The rule is generally recognized that a corporation having its domicile in one state may as a matter of comity and common law do business in other states, and that a foreign corporation is entitled to the constitutional right of equal protection of the laws. The statute here involved being in derogation of the common law and penal in character must be strictly construed.

We submit that the legislature has neither by express terms nor by plain implication attempted to destroy or abridge the right to contract. There is no provision which

even suggests that it was intended to deprive foreign cor-
porations of their right or capacity to contract in this state,
or to sue in the courts for the enforcement of their con-
tracts. The making of a contract involves power and
capacity,—suing thereon, a right. Whether the plaintiff
had the power and capacity to contract depends upon its
charter, or the law under which its was created, and
that question is not involved in this case. Whether it has a
right to enforce its contracts, or recover damages for their
non-performance in the courts of this state, depends upon
the language and meaning of our statute, which is entirely
silent upon the subject. The statute is directed against the
corporation and not against the business in which it may
be engaged. It imposes upon the corporation certain duties,
while recognizing its right to do business in the state. The
penalties imposed are not for doing business, but for failure
to file articles of incorporation. The legislature must be
understood to mean what it has plainly expressed, and this
excludes construction. (Suth. Stat. Const., 337.) There
is a marked distinction between a law, the object of which
is to restrict and regulate a certain line of business, which
without such restriction and regulation might prove harmful
to society, and a law that is directed against and operates
upon individuals only, regardless of the business in which
they may be engaged. In the first instance, the statute is
directed against the business, and in such cases a contract
made in violation of the statute cannot be enforced, but
where the statute is directed against the party acting and
not against the business, contracts otherwise legal made
without observing the regulation of the statute are valid
and may be enforced unless the statute expressly declares
them to be void. (Mill Co. v. Bartlett, 3 N. D. 138; Booth
v. Weigland, (Utah) 83 Pac. 734; Panghorn v. Westlake,
36 Iowa, 546; Bowditch v. Ins. Co. 141 Mass. 292; Mandel-
baum v. Gregovich, 17 Nev. 87; Lester v. Bank, 33 Md. 555;
Pratt v. Short, 79 N. Y. 437; Neimeyer v. Wright, 75
Va. 239; Harris v. Runnels, 12 How. 79; Bank v. Mathews,

98 U. S. 621; Fritts v. Palmer, 132 U. S. 282; O'Hare v. Bank, 77 Pa. 96; Speer v. Commissioners, 88 Fed. 749.) There is no claim that the business of the plaintiff was or is detrimental to the public interests or that it requires to be placed under restrictions or police regulations. The primary purpose of the statute was to subject foreign corporations doing business in this state to the jurisdiction of our courts, and to a publicity of their powers and the purpose of their creation, and it was not intended to permit parties to avoid their contracts and thus perpetrate an injustice or fraud. The true and only remedy, therefore, is a direct proceeding by the State which alone has a right to complain. (State v. Book Co., 69 Kan. 844; 6 Thompson on Corp. Sec. 7955; Morawetz on Corp. Sec. 655; Blodgett v. Lanyon Zinc Co., 120 Fed. 896; State v. Ins. Ass'n., 61 Ark. 1; Kindel v. Beck, 19 Colo. 310; Vt. L. & T. Co. v. Hoffman, 5 Ida. 376; Hamilton v. Reeves, 69 Kan. 844; Hallam v. Ashford, 70 S. W. 197, (Ky.); Enterprise B. Co. v. Crimes, 173 Mass. 252; Tollerton v. Barck, 84 Minn. 497; Trust Co. v. R. Co., 8 N. M. 327; Garfield M. Co. v. Hammer, 8 Mont. 53; Mill Co. v. Bartlett, 3 N. D. 138; Ins. Co. v. McMillan, 24 O. St. 67; Garratt Co. v. Mfg. Co., 20 R. I. 187; Wright v. Lee, 2 S. D. 596; Booth v. Weigland, (Utah) 83 Pac. 734; Edison C. v. Nav. Co., 8 Wash. 370; Dearborn v. Augustine, 5 Wash. 67; Tie Co. v. Thomas, 33 W. Va. 566; Laun v. Ins. Co., 131 Fed. 555; Dunlop v. Mercer, 156 Fed. 545; Chattanooga etc. v. Evans, 66 Fed. 809; Jarvis-Conklin v. Willhoit, 84 Fed. 514; Gallenlet v. Strickland, 74 S. C. 394; Horell v. Homebuilders &c., 40 Wash. 531; Trust Co. v. Leschen & Co., (Colo.) 92 Pac. 727; Bank v. Whitney, 104 U. S. 99; Fritts v. Palmer, 132 U. S. 282; Smith v. Sheeley, 12 Wall. 358; Harris v. Runnels, 12 How. 79; Ray v. H. & F. Co., 98 Ga. 122; Ins. Co. v. R. R. Co., 134 Ind. 215; Mill Co. v. Sims, (Mo. App.) 74 S. W. 128; Elliott Priv. Corp. (3rd Ed.) 268, 269; Asphalt Co. v. Mayor, (N. Y.) 43 N. E. 1043; Industrial Co. v. Moran, 107 N. W. 706, (Mich.); Hoggs v. Mfg. Co.,

76 Kan. 9; Cooper v. R. R. Co., 99 Pac. 787, (Utah.)).

The constitutional provision is not self-executing, and can aid but little toward a conclusion in the case.

*C. W. Burdick,* for defendant in error.    (McMicken & Blydenburgh of counsel.)

The question in the case at bar is one of local statutory construction.    The statutes provide for the doing of two things by foreign corporations desiring to transact business in this state, and absolutely prohibit the transaction of such business unless the corporation complies with the prescribed procedure.    The first step to be taken is provided by Section 5 of Article 10 of the constitution, and the second step to be taken is provided by Section 3265, Revised Statutes, 1899.    The sections of the statutes to be considered (Secs. 3058, 3265) belong to well-recognized classes, viz: the first, such as contain prohibitory words but no specified penalty or declaration of invalidity.    Section 3058 belongs to that class.    The second, such as imposes specific penalties upon a corporation or its officers, its agents and stockholders. Section 3265 is similar to that class though not identical, for in this statute the penalty is imposed for not only failure to file certain instruments but for such failure accompanied by attempt to do business.    In respect to what constitutes failure our statute is more comprehensive than the statutes of other states.    Counsel for plaintiff in error appears to have overlooked Section 3058, which was passed at the first session of the state legislature, and which provides fully for carrying into effect the constitutional provision with reference to the acceptance of the constitution of the state by foreign corporations.    Both the language of the constitution and the section of the statute aforesaid is mandatory.    It is demanded that foreign corporations accept every clause of the constitution with its restrictions and declarations, concerning the powers, rights, privileges and control of corporations, limitations on recovery, exemptions and other declarations concerning the rights of persons and

property. This was clearly the intention of the framers of the constitution. (See Const. Debates, pp. 613, 616.) It appears ridiculous to say that when the constitution states in mandatory language that a corporation shall not be permitted to transact any business until it performs a certain act, that there has been a failure to provide a penalty for a failure to perform the act. The purpose was clearly to make the prohibited act unlawful, and it was 'not necessary to say in so many words that the transaction of business without the performance of the act required would be unlawful. A few courts only have adopted the views taken in the cases cited by counsel for plaintiff in error. A great majority of the courts adhere to the general rule that a contract prohibited by law is void and a party entering into such contract cannot enforce it, and this is true whether the statute expressly says the act shall be unlawful or so indicated by prohibitory words. (Ins. Co. v. Wright, 55 Vt. 533; 15 Ency. L. 941; and cases cited in note 2; 24 L. R. A. 218 and note; 1 L. R. A. (N. S.) 1041; Ford v. Ins. Co., 6 Bush. 133; Bank v. Page, 6 Ore. 641; *In re* Comstock, 3 Sawy., 218.) When a statute expressly declares that certain kinds of contracts shall be void there can be no doubt of the legislative intent, and an agreement of the kind voided by the statute is unlawful. The same is true where the contract is in violation of the statute, athough not therein expressly declared to be void. (Mut. &c. Co. v. Rosenthal, 55 Ill. 91; Cyclone Co. v. Baker &c. Co., 165 Fed. 996; Beneo v. Yesler, 12 Ore. 40; Bank v. Page, 6 Ore. 435; Bank v. Sherman, 28 Ore. 573.) The distinction attempted to be made by counsel between acts *mala prohibita* and acts *mala in se* is not material in this case. Indeed that distinction has long been exploded as not founded upon sound principle. (9 Cyc. 475; Bank v. Owen, 2 Pet. 527; 15 Ency. L. 939 and cases cited.) The fact is there is no distinction to be observed here that will enable plaintiff to exclude its utter defiance of the plain prohibition of the constitution. and statute, and no escape from the well established rule that

(17)

a contract in violation of a plain prohibition is void even though the statute merely prohibits the act. And this upon the sound principle that there is a moral obligation on the part of all citizens to obey the law, even in the absence of any penalty imposed for its violation. (Melchoir v. McCarty, 31 Wis. 252.)

Statutes of the kind under consideration partake of police regulations, and public policy demands that they be complied with. (Tel. Co. v. Tel. Co., 67 Ala. 26; Harrison v. Jones, 80 Ala. 412, 1 Whart. Const., Sec. 365; Robertson v. Hayes, 83 Ala. 290; Prescott v. Battersby, 119 Mass. 285; Buxton v. Hamblen, 32 Me. 448; 3 Ency. L. (1st Ed.) 872; Dudley v. Collier, 87 Ala. 431.) The invalidity of a contract made contrary to the express prohibition of a statute is not overcome by the imposition of a penalty in a subsequent section, or the fact that the section does not declare the transaction void. (Amusement Co. v. Amusement Co., 192 Mo. 404; Thorne v. Ins. Co., 80 Pa. St. 15; Assur. Co. v. Rosenthal, 55 Ill. 85; Ins. Co. v. Harvey, 11 Wis. 412; Hoffman v. Banks, 41 Ind. 1; Ins. Co. v. Thomas, 46 Ind. 44; Semple v. Bank, 5 Sawyer, 88.) Thus, by the constitutional provision and the statute enacted to carry it into effect requiring as a first step to be taken by every foreign corporation seeking to do business here an acceptance of the constitution, its contracts are necessarily void where there has not been compliance.

Coming now to the second step required by Section 3265, R. S., 1899, as amended. This section belongs to that class of statutes not containing express prohibitory words, but a penalty for violation, and the penalty affects both corporation and agent, and is imposed for failure to comply accompanied by an attempt to transact business. The penalty upon a corporation is forfeiture, and this we believe to be self executing. If so, it would prevent the plaintiff from executing a valid contract in this state; but there is a general rule applicable to the violation of such statutes which in its application not only invalidates any and all contracts

of non-complying corporations, but makes it unnecessary to determine whether the penalty of forfeiture is self executing or one that must be judicially determined and declared. Such general rule is based upon the broad principle that any contract to do what the law forbids cannot be enforced, and is stated as follows: Where a statute pronounces a penalty for an act a contract founded on such act is void, although the statute does not pronounce it void or expressly prohibit it. (Woods v. Armstrong, 54 Ala. 150; Dudley v. Collier, 87 Ala. 431; Boulden v. Organ Co., 92 Ala. 182; Mfg. & Invest. Co. v. Nixon, 95 Ala. 318; Lumber Co. v. Thomas, 92 Tenn. 587; Harris v. Water Co., 108 Tenn. 245; Pennington v. Townsend, 7 Wend. 276; Health Ass'n. v. Rosenthal, 55 Ill. 85; Ins. Co. v. Bauerle, (Ill.) 33 N. E. 166; Hoffman v. Banks, 41 Ind. 1; Ins. Co. v. Thomas, 46 Ind. 44; Ins. Co. v. Harrah, 47 Ind. 236; Cassidy v. Ins. Co., 72 Ind. 95; Cowan v. London Ass., 73 Miss. 321; Nursery Co. v. Angenbaugh, 93 Minn. 201; Kent &c. Co. v. Tuttle, 20 Mont. 203; Ins. Co. v. Sawyer, (Mass.) 36 N. E. 59; Henni v. Fidelity Ass'n. (Neb.), 86 N. W. 475; Brewing Co. v. Piemeisl, 85 Minn. 121; Seaman v. Temple Co., 105 Mich. 400; Thorne v. Ins. Co., 80 Pa. St. 15; Johnson v. Hulings, 103 Pa. St. 498; Lasher v. Stimson, 145 Pa. St. 30; Tabor v. Bldg. Ass'n., 91 Tex. 92; Amuse. Co. v. Amuse. Co., 192 Mo. 404; Chicago M. & L. Co. v. Sims, 95 S. W. 344 (Mo.); Ins. Co. v. Harvey, 11 Wis. 394; Rose v. Kimberly, 89 Wis. 544; Ministers Fund v. Thomas, 126 Wis. 281; Bank v. Owens, 2 Pet. 527; M. & F. Co. v. Citizens T. & S. Co., 74 Fed. 597; 76 Fed. 120; Pittsburg Const. Co. v. R. Co., 151 Fed. 128, 154 Fed. 929; Glue Co. v. Glue Co., 103 Fed. 838; Affirmed 187 U. S. 611; Miller v. Ammon, 145 U. S. 421; B. & L. A. Co. v. Denison, 189 U. S. 408; Delaware River &c. Co. v. Ry. Co., 204 Pa. St. 22; Hanchey v. B. & L. Ass'n., 140 Ala. 242.)

The exception to the rule upon which the foregoing cases are cited as established by some courts is that where the law imposes a penalty for the prohibited act, and it clearly ap-

pears that the legislature intended no more than to impose such penalty for a violation of the law, then the contract is valid.    (Bank v. Page, 6 Ore. 431.)    But in all such cases the courts are usually careful to note the absence of prohibitory words, or that from the statute it clearly appears that the legislature intended no more than to impose the named penalty.  In some few cases courts have held that while the statute did not warrant holding the contract void, the remedy was deferred until compliance.  It has however been held by the majority of courts that contracts made in violation of law by non-complying corporations are absolutely void notwithstanding an expressed statutory penalty.

The penalty of forfeiture for failure to file copies of articles or certificates of incorporation must be regarded as self executing for otherwise the statute would fail in its purpose.  It is addressed to those corporations who by compliance with section 3058 have acquired a temporary or thirty-day right to do business in the state.  If they fail during that period to comply they forfeit their temporary right, but the right may be restored by complying with the statute and paying the penalty.  (Thompson on Corp. sec. 6587.)    It is said there can be no forfeiture unless as a result of an action brought by the Attorney General.    If that is true what is the plaintiff's position, it having violated the statute and now desiring to comply and pay its fine and do business legally?  Must it await the action of the Attorney General, and a judicial determination of forfeiture, or may it at once pay to the Secretary of State the penalty due, file its certificate of incorporation, and legally begin the transaction of business?  To say that forfeiture follows judicial determination is equivalent to saying that the plaintiff cannot now comply with the statutes until there has been a judicial proceeding to determine the fact of forfeiture and the amount of penalty.  Such interpretation of the statute would be impractical and tend to nullify it.  We do not overlook the provision that the Attorney General, under the direction of the Secretary of State, shall enforce the

provisions of section 3265.  The fact that the Attorney General is required to act under the direction of the Secretary of State confirms in a measure our statement that the section is addressed to those corporations that have partially complied, and are operating under a temporary permit, for the Secretary is the officer who better than others will know what corporations are in default.  It never was intended, however, that the Attorney General should throw out a drag net and bring every non-complying foreign corporation into court.  The penalties prescribed in the statute, accompanied with the absolute prohibition against transacting business, and the legal consequences flowing from such prohibition, together with the usual willingness of persons and corporations to obey the laws, were thought sufficient to compel compliance in ordinary cases.

The repudiation by a party of its contract by a defense such as that here interposed would seem not to involve any greater immorality than that involved in the proposition permitting a non-complying corporation to repudiate and defy the fundamental law of the state, while using and enjoying the fruits and protection of that law.

SCOTT, JUSTICE.

This action was commenced in the district court of Carbon county by plaintiff in error as plaintiff, against defendant in error as defendant, to recover damages alleged to have resulted from a breach of contract of the defendant in failing to correctly transmit for hire over its telephone line from its office at Baggs, Wyoming, to the Western Union Telegraph Company at Rawlins, Wyoming, with directions to the telegraph company to forward the same from Rawlins to plaintiff's agent and employee at Idaho Falls, Idaho, a message giving directions as to shipping plaintiff's cattle, whereby and by reason of such failure the cattle were shipped to Walcott instead of Wamsutter, Wyoming.  There were two defenses pleaded.  To the first defense a reply was filed.  To the second defense, which was in the nature

of a plea in bar a demurrer was interposed which upon due consideration was overruled, to which ruling an exception was taken and the plaintiff declining to plead further and electing to stand upon the demurrer, judgment was rendered for the defendant, and the case is brought here on error.

1.   It is alleged in the petition that the plaintiff is a corporation created, organized and existing under and by virtue of the laws of the State of Nebraska, and that it was on May 4, 1907, and is now, engaged in carrying on and conducting a live stock business in this state and acting within the purpose and objects of the corporation, to-wit: in the business of buying, raising, feeding, selling and shipping live stock and carrying on a general ranch business.

It is alleged among other things in the second defense and to which the demurrer was sustained, that plaintiff has not in any manner complied with the laws of the state of Wyoming relative to foreign corporations doing business in the state, in this, that it has not filed in the office of the secretary of state a copy of its charter of incorporation, or a copy of its certificate and a copy of the general incorportion law of the State of Nebraska, nor has it filed in the office of the Register of Deeds of Carbon county, a copy of its charter of incorporation or any certificate under any general incorporation law of the state of Nebraska or a copy of such general incorporation law duly certified and authenticated by proper authority of that state as required by section 3265 of the Revised Statutes of Wyoming. It is further alleged: "That said plaintiff has not accepted the constitution of the State of Wyoming and filed such acceptance in accordance with the laws thereof as required by Section 5 of Article 10 of the Constitution of the State of Wyoming. That by reason of such failure on the part of said plaintiff, the said plaintiff never acquired the right to do business in the State of Wyoming, and has forfeited any rights that it might have to do business in the State of Wyoming, and that said plaintiff by reason of such failure,

had no authority or right to enter into any contract whatever, or do any business within the State of Wyoming and any such contract attempted to be entered into by the said plaintiff as is attempted to be plead in this action is absolutely null and void and can not be enforced within the State of Wyoming." It will thus be observed that the overruling of the demurrer sustained the second defense of the answer as a good plea in bar of the action.

Section V, article X, of the Constitution is as follows: "No corporation organized under the laws of Wyoming Territory, or any other jurisdiction than this state, shall be permitted to transact business in this state until it shall have accepted the constitution of this state and filed such acceptance in accordance with the laws thereof."

It was undoubtedly the intention of the framers of the constitution that all corporations whether domestic or foreign, then or thereafter doing business within the state should be subject to the same rules, regulations and limitations then or thereafter prescribed in so far as such rules, regulations and limitations do not conflict with the constitution of the United States. This requirement was to compel the submission of all corporations theretofore created under and in pursuance of the territorial laws as well as all foreign corporations then or thereafter to do business in this state, to submit to the exercise of such power by the state. While this section of the constitution is not self executing, yet the legislature has carried it into effect. The first section of Chapter 43, S. L. 1890-91, appears as section 3058, R. S. 1899, and is as follows: "No corporation organized under the laws of Wyoming territory, or any other jurisdiction than the state of Wyoming, shall be permitted to transact business in this state until it shall have accepted the constitution of this state. Such acceptance shall be executed and acknowledged in all respects in the manner provided by the laws of Wyoming and the by-laws of the corporation accepting the constitution, for the execution of deeds, and when duly executed shall be filed and recorded

in the office of the secretary of state, and it shall be the duty of the secretary of state, upon the filing of any acceptance of the constitution duly executed, to note on the margin of the record of the certificate of incorporation of the corporation filing the same the fact that such acceptance is filed, which notation shall also refer to the book and page wherein appears the record of such acceptance; Provided, however, That every acceptance of the constitution of this state by any corporation, railroad or other company, executed and filed in the office of the secretary of state prior to the ninth day of January, one thousand eight hundred and ninety-one, which is signed by one or more of the principal officers of such corporation, and has the corporate seal of such corporation affixed thereto, is hereby legalized and shall have the same force and effect in all respects as if the same had been executed and filed in conformity with the requirements of this section." We thus have a statutory provision supplementary to and which, taken in connection with the section of the constitution, not only defines a duty but sets forth how such duty is to be performed as a condition precedent to embarking in business in this state by a foreign corporation. The petition is silent as to when the plaintiff established its business in Wyoming—whether before or since the adoption of the constitution; if prior to such adoption then the right to continue in such business was dependent upon a compliance with the constitutional provision. The business referred to in the section of the constitution is the corporation business which is wholly state and not within the rules regulating interstate commerce, and we are of the opinion that the business as conducted by the plaintiff out of which grew the contract damage for breach of which is sought is within the scope and meaning of the word "business" as used in that section.

It is not necessary to here discuss the question as to what extent the power to regulate and control the actions or business of a foreign corporation would exist in the absence of such a law. Nor in our view of the case is it germane

to discuss section 3268 as amended by Chap. 83, S. L. 1901, providing a penalty to be imposed upon a foreign corporation which attempts to do business in the state before filing its charter or certificate of incorporation in the manner provided by section 3265, R. S. 1899. There is no statutory enactment in this state upon the subject of filing an acceptance of the constitution as a pre-requisite to doing business in this state other than section 3058, *supra,* nor does the statute anywhere prescribe a penalty for a failure so to do. The question, and we think the only one that need be considered, is, how does the failure to file such acceptance affect the corporation with reference to its contracts? In our view the conclusion we have reached upon that question is controlling in the case. It may be conceded, and we think properly, that all laws in conflict with this section of the constitution, that is to say, any act of the legislature purporting to give authority to transact business by a non-complying foreign corporation temporarily or at all would be unconstitutional. The authority from the state to do so is expressly withheld by the constitutional provision until this condition precedent is performed. The law is mandatory in terms and should be construed in accordance with its plain.import unless it is made clear and explicit that such construction was not intended. There is no constitutional provision that changes or modifies in any manner the rule or its effect when so applied. That the law was intended to be rigidly enforced is made clear by consulting the constitutional debates.

The section of the constitution as originally worded was the subject of considerable discussion and it was doubted whether as so worded it would prohibit the transaction of business by a non-complying corporation and which object was desired by the members. After thorough consideration and to accomplish this purpose and thus meet the views of the members the section was amended to its present wording. (Pp. 613-616, Constitutional Debates.) There can be no doubt that the members of the convention intended that this section should be rigidly enforced, for after debating the ques-

tion they used great care in its wording with that purpose
in view.   We have then not only a constitutional provision
but a statute in furtherance of such provision both in man-
datory terms, and the former so worded with the expressed
intention of its rigid enforcement.   It seems clear then
that the policy of our state with reference to non-complying
corporations has become established by the constitution and
the statutory enactment.

A corporation can transact business within and co-exten-
sive with the jurisdiction covered by the law under which
it is created.   It has no strictly legal existence by force of
any obligatory law outside of such jurisdiction.   It can
transact and conduct its business in another state when such
business is state and not interstate in character only by
comity or statute, and such statute may make such right
conditional upon the performance of prescribed duties.   The
performance of such duties are sometimes conditions prece-
dent and sometimes conditions subsequent to the exercise
of that right.   It may be said however from the adjudicated
cases that when in defiance of statutory restrictions or regu-
lations a non-complying corporation undertakes or attempts
to establish a place of business in another state a remedy by
infliction of a penalty, if any is provided by statute, accrues
to the state whose laws are thus violated.   In such a case
the question of comity as it exists between the states is
not involved, for the rule of comity can never be permitted
to annul express provisions of a constitution or statute.

The demurrer raises the question of the validity of the
contract damage for breach of which is sought to be recov-
ered.   That question has been ably argued and presented
on the briefs and the counsel are to be commended for their
diligence and labor in that respect.   The statute does not
in terms make or declare such contract void.   The decisions
however treat them as void contracts, but in the absence
of a statute expressly declaring them to be void, they are
not void, but as against such corporation voidable by a plea
in bar, either admitted or by extrinsic evidence supporting

such plea. In such case they are sometimes referred to in the decisions as void because non-enforceable and that is a defense which may be interposed or waived. It should be remembered that we are not here treating of such contracts as are inherently void on the ground of public policy and upon which no suit could be tolerated in any event. The matter pleaded in the second defense went to the question as to whether plaintiff had any legal standing in court. This question also involves the validity or invalidity of the contract, for if non-enforceable in this jurisdiction as against the plea in bar it is everywhere non-enforceable as against such plea.

There is no statute in this state which expressly precludes a foreign corporation from maintaining an action in its courts whether that corporation has or has not complied with the laws of this state. The law as above stated goes to the establishment and transaction of business by such corporation in this state. Under the rule of comity a foreign corporation is not required to domesticate in order to maintain an action in our courts. There is however a distinction when such corporation attempts to establish a place and transact business in this state in defiance of its laws and then seeks the aid of its courts to enforce its contracts made in this state in the course of such business. It was never intended that such corporation should have greater privileges than a domestic corporation, and in order that it may enjoy the privileges of a domestic corporation it must perform the duties prescribed by our laws. It can not be said to be the policy of our law to permit a non-complying corporation to enter and settle in this state for the purpose of operating its business. On the contrary we think the settled policy is the other way. This policy being so settled by fundamental and statutory law there is no judicial comity that requires our courts to actively engage in giving them relief for breach of contracts which were made in violation of such policy. Such contracts need not be expressly declared by statute to be void. It is the right to invoke the

action of the court by the offending corporation that is denied. This rule has been applied by the Supreme Court of Nebraska in the case of Mutual Fire Ins. Co. v. Hayden, 60 Neb. 637, 83 Am. St. 545, 83 N. W. 922. The same court extended and applied that principle to the case of an attempted foreclosure of a mortgage by a non-complying building and loan association. (Henni v. Fidelity Building & Loan Association, 61 Neb. 744, 87 Am. St. 519, 86 N. W. 475; P. S. & L. Co. v. Eyer, 62 Neb. 810; Peoples Building & Loan Association v. Gilmore, 90 N. W. 108; pp. 1222-1223, 19 Cyc.) Upon this subject the supreme court of Michigan in a case (Thompson v. Waters, 25 Mich. 214, 12 Am. Rep. 243) where the right to purchase and sell real estate by a railroad incorporated under the laws of Indiana says that "the rule seems to be generally and well settled that the corporate existence, rights of making and enforcing contracts, of acquiring property and transacting business (not requiring the exercise of official corporate action or franchises within the state) of a corporation created by the laws of one state will be recognized and protected in another; subject only to the qualification that the enjoyment and exercise of such rights shall not be contrary to the laws or settled policy of the state in which they are sought to be enjoyed or exercised, or prejudicial to the interests of such state or its citizens." * * * "A corporation, however, in any aspect in which it is here essential to consider it, is but an artificial person, whose strictly legal existence, by force of obligatory law, is confined to the State which has created it and endowed it with its powers, capacities and rights; and it can only exercise those powers, capacities and rights in another state by the permission, express or implied, of the sovereign or legislative power of the latter, which must be its own judge how far and upon what conditions it is consistent with its own domestic policy, and the interest of its citizens, to accord such recognition." This case was cited with approval by that court in Seaman v. Tenple Company, 105 Mich. 400, 55 Am. St. 457, where it

was again stated "that the doctrine of state comity will not be applied in behalf of a foreign corporation seeking to recover upon a claim or contract expressly prohibited by law, or one which is clearly at variance with the settled policy of the state." In a later case that court adhered to the same rule. (Rough v. Breiting, 117 Mich. 48, 75 N. W. 147.) This doctrine is followed in a large number of states, the courts saying in effect that there is no remedy equally effective to compel obedience to conditions to admission as to hold such contracts to be unenforceable. (Hanchey v. Southern Home Bldg. &c. Ass'n, 140 Ala. 245, 37 So. 272; Utley v. Clark-Gardner Lode Min. Co., 4 Colo. 369, 372; Cin. Mut. Health Ass'n v. Rosenthal, 55 Ill. 85, 8 Am. Rep. 626; United Lead Co. v. Elevator Mfg. Co., 222 Ill. 199; Farmers &c. Ins. Co. v. Harrah, 47 Ind. 236; Reliance Mut. Ins. Co. v. Sawyer, 160 Mass. 413, 36 N. E. 59; Sherman Nursery Co. v. Aughenbaugh, 93 Minn. 201, 100 N. W. 1101; Tri-State Am. Co. v. Forrest Park Am. Co., 192 Mo. 404; Kent &c. Co. v. Tuttle, 20 Mont. 203, 50 Pac. 559; Charles Roome Pannele Co. v. Haas, 67 N. Y. App. Div. 457, 73 N. Y. Supp. 986; British Columbia Bank v. Page, 6 Ore. 431; Del. River Quarry Co. v. Bethlehem &c. Pass R. Co., 204 Pa. St. 22, 53 Atl. 533; Harris v. Columbia Water &c. Mfg. Co., 108 Tenn. 245, 67 S. W. 811; Huffman v. Western Mortg. Co., 13 Tex. Civ. App. 169, 36 S. W. 306; Booth & Co. v. Weigand (Utah, 1904), 79 Pac. 570; Ashland Lumber Co. v. Detroit Salt Co., 114 Wis. 66, 89 N. W. 904; Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, 23 S. Ct. 206, 47 L. Ed. 326; American Copying Co. v. Eureka Bazaar (S. D. June 13, 1906), 108 N. W. 15.)

Upon the record we are forced to the conclusion that the contract damages for breach of which are sought was a corporation contract non-enforceable as against the second defense under the law and the decisions above cited. The question of estoppel of the corporation to set up the same matter as a defense against an action upon such a contract is not here involved. The plaintiff cannot be permitted to

maintain its action against the plea in bar which is admitted by the demurrer without annulling the law. The plea or second defense answered the entire petition.

As already stated we do not deem it necessary to discuss the effect of the statute providing certain penalties for non-compliance·with section 3265, R. S. 1899, which section requires the filing of the certificate or charter in the manner as therein provided. Such discussion is rendered unnecessary by the conclusion reached as to the effect of the constitutional provision and the statutory enactment supplementary thereto and plaintiff's failure to comply therewith. The conclusion reached upon that question is controlling of the case.

The court committed no error in overruling the demurrer, and the judgment will be affirmed.

*Affirmed.*

POTTER, C. J., and BEARD, J., concur.